STATE EX REL. KARSCH v. EBY, JUDGE

[No. 27,512.   Filed April 17, 1941.]

*Judgment for relatrix.*

*Craig & Craig,* of Evansville, for relatrix.

*Winfield K. Denton* and *Arthur C. Stone,* both of Evansville, for respondent.

FANSLER, J.—By this proceeding the relatrix seeks an order mandating the respondent to take jurisdiction of a petition to open a judgment taken upon default on constructive service and permit the relatrix to defend a pending action.

It appears that in April, 1935, the Interstate Finance Corporation began an action in the Superior Court of Vanderburgh County to quiet title to certain real estate by filing its complaint against John Ingle, the unknown wife of John Ingle, George D. Karsch, and the unknown wife of George D. Karsch. There was no personal service upon any of the defendants, but constructive service was had upon each by publication. In November, 1935, after proof of service by publication, all of the defendants were defaulted, and the Superior Court of Vanderburgh County rendered judgment in favor of the plaintiff. In April, 1938, George D. Karsch filed his petition that the judgment be opened, and that he be

permitted to answer and defend, under § 2-2601 *et seq.*, Burns' 1933, § 413 *et seq.*, Baldwin's 1934. The judgment was opened, and he filed an answer in general denial, and thereafter a motion for a change of venue from the county, which was sustained and the cause venued and certified to the Gibson Circuit Court, where it is still pending and assigned for trial on May 23, 1941. On March 6, 1940, and within five years from the time of the original judgment against her, the relatrix filed her application in the Gibson Circuit Court to have the judgment opened. The application conforms to the requirements of § 2-2602, Burns' 1933, § 414, Baldwin's 1934. The plaintiff in the action filed a demurrer to the relatrix' application, which was sustained, and the respondent refused to entertain the application to open the judgment as to the relatrix and refused to permit her to answer and defend the action.

The statutes governing the right of a defendant constructively served are as follows:

"A defendant constructively summoned shall be allowed, at any time before judgment, to appear and defend the action; and upon a substantial defense being disclosed, time may be given, on reasonable terms, to prepare for trial." § 2-1058, Burns' 1933, § 163, Baldwin's 1934.

"Parties against whom a judgment has been rendered without other notice than the publication in a newspaper as herein required, except in cases of divorce, may, at any time within five [5] years after the rendition of the judgment, have the same opened, and be allowed to defend." (§ 2-2601, Burns' 1933, § 413, Baldwin's 1934.)

"Before any judgment shall be opened, such party shall give notice to the original complainant, or his

heirs, devisees, executors or administrators, of his intention to make application to have the judgment opened as the court, in term, or the judge. thereof, in vacation, shall require; and shall file a full answer to the original complaint, and an affidavit stating that during the pendency of the action, he received no actual notice thereof in time to appear in court and object to the judgment; and shall also pay all such costs of the action as the court shall direct." § 2-2602, Burns' 1933, § 414, Baldwin's 1934.

There is a distinct difference between this procedure and the procedure involved in actions for relief against judgments taken through mistake, inadvertence, surprise, or excusable neglect. In the latter cases the proceeding is by complaint and summons and an issue of fact is contemplated. § 2-1068, Burns' 1933, § 173, Baldwin's 1934.

But defendants constructively served may appear and defend within five years by complying with the statute. It says that such defendants may have the judgment opened and be allowed to defend. The only conditions involved are that the party shall give notice to the plaintiff as required by the court or judge, and shall file a full answer, and an affidavit stating that during the pendency of the action he received no actual notice thereof in time to appear and object to the judgment, and that he shall pay such costs as the court shall direct. This procedure raises no issue of fact and vests no discretion in the trial court except as to notice and costs. It will be noted that the statute governing the opening of judgments taken by default because of excusable neglect, etc., provides for a complaint and summons and thus indicates an intention that there be an issue made and the facts determined by the court. Both statutes were enacted at the Special

Session of 1881, and, since the one expressly indicates an intention that there shall be an issue of fact, the conclusion cannot be avoided that, by using entirely different language inappropriate to indicate the trial of an issue, it was contemplated that in the case of defendants constructively served the judgment might be opened as of right. If the statute provided that it might be opened upon a showing that the defendant had no actual notice in time to defend, a different conclusion might be reached, but there is the clear provision that such parties may have the judgment opened by giving the notice, filing an answer, and filing an affidavit that no actual notice was received. The language is comparable to that of the change of venue statute, § 2-1401, Burns' 1933, § 190, Baldwin's 1934, which provides: "The court, in term, or the judge thereof, in vacation, shall change the venue of any civil action upon the application of either party, made upon affidavit showing one or more of the following causes: . . ." Under this statute it has uniformly and always been held that the facts involved in the affidavit cannot be controverted, but must be accepted as true, and the court has no discretion but to grant the relief. If the affidavit is perjured the affiant takes his chance of being prosecuted.

It appears that the respondent considered the proceeding as a separate, original action, and concluded that exclusive jurisdiction to open the judgment was in the Vanderburgh Superior Court, where the judgment was rendered, and there is seeming support for the view and the conclusion in the language of the decisions.

The difference between the statute governing proceedings by defendants who have been constructively served, and the statute governing proceedings by defendants

who have been personally served, and defaulted through their excusable neglect, etc., has been pointed out. In addition there are cases in which equity will intervene to grant relief independent of statute. See *Globe Mining Co. v. Oak Ridge Coal Co.* (1922), 79 Ind. App. 76, 134 N. E. 508. In *Woodard et al. v. Killen* (1925), 196 Ind. 570, 148 N. E. 195, it was held that, notwithstanding the amendment of the statute providing for a "complaint" rather than a "motion" in a proceeding for relief against judgments taken by default because of excusable neglect, etc., the proceeding is still a summary one, and that an order setting aside the default is not a final judgment from which an appeal will lie. Afterward, in *General Outdoor Advertising Co. v. City of Indianapolis, etc.* (1930), 202 Ind. 85, 172 N. E. 309, 72 A. L. R. 453, a different conclusion seems to have been reached by the writer of the opinion, but two of the Justices disagreed with the opinion and concurred merely in the result. The Woodard case, *supra*, was not noticed in the opinion. In *State ex rel. Krodel et al. v. Gilkinson, Judge, et al.* (1935), 209 Ind. 213, 198 N. E. 323, this court followed the *Woodard* case without noticing the opinion in 202 Ind. 85, 172 N. E. 309, 72 A. L. R. 453. We feel that the Woodard case, *supra*, and the later case following it are based upon sound reasoning, and, in so far as it conflicts with these cases, the case of *General Outdoor Advertising Co. v. City of Indianapolis, etc., supra,* is overruled.

The case of *Padol et al. v. Home Bank & Trust Co. et al.* (1940), 108 Ind. App. 401, 405, 27 N. E. (2d) 917, 919, was an appeal from a judgment denying relief in an action begun by complaint and summons by defendants who had been personally served and defaulted. The action was based upon the statute permitting relief from default taken through excusable neglect, etc.

Service upon the defendants in this action (who were the plaintiffs who had taken the judgment upon default in the first action) was by publication. They failed to appear, were defaulted, and there was judgment vacating and setting aside the judgment in the original action. Afterward the defendants, who were constructively served, filed their petition under § 2-2601 *et seq.,* Burns' 1933, § 413 *et seq.,* Baldwin's 1934, *supra,* to have the judgment opened. The petition conformed to the statute. Their petition was attacked by a motion to abate and by demurrer. The motion and demurrer were overruled, and an answer in general denial filed to the complaint to set aside the original judgment because of excusable neglect, etc. The issue was submitted to the court, the judgment setting aside the original default was opened, and answer to that complaint was filed, and there was a trial, and judgment against the complainants who were seeking to open the original judgment. This was the judgment appealed from, but error was assigned upon the action of the trial court in overruling the plea in abatement and the demurrer to the petition of the defendants constructively served, and this assignment was considered by the court and the judgment was affirmed. There had been no change of venue in that case, but the court said of § 2-2601 *et seq.,* Burns' 1933, § 413 *et seq.,* Baldwin's 1934: "Obviously this statute contemplates that the proceedings shall be had in the same court in which the judgment sought to be vacated was rendered. See *Christ* v. *Jovanoff* (1926), 84 Ind. App. 676, 151 N. E. 26, 152 N. E. 2." But an examination of the Christ case discloses that the court said, concerning the statute providing for relief from a default judgment taken through excusable neglect, etc. (p. 680 of 84 Ind. App., p. 27, p. 28 of 151 N. E.): "The court referred to in the above section,

undoubtedly is the court in which the proceeding was pending or in which the judgment had been rendered." It is also said in the Padol case, *supra:* "Whether the application be filed under the title of the cause in which the original judgment was rendered or as an independent action matters not, as it will be treated as an independent proceeding if begun after the close of the term in which said judgment was rendered. See *Globe Mining Co.* v. *Oak Ridge Coal Co.* (1922), 79 Ind. App. 76, 134 N. E. 508." But an examination of the Globe Mining Co. case discloses that it was an action in equity, independent of statute, seeking to have a judgment vacated so that a motion for a new trial might be filed, and that there was no default involved. It is noted that, notwithstanding the statement that the petition of a defendant constructively served and defaulted to have the judgment opened is an independent action, it was treated in the opinion as ancillary to the action in which the judgment sought to be opened was entered, and rulings with respect to the petition were considered upon being assigned as errors in the appeal from the principal case after the judgment had been opened and a defense successfully interposed. Clearly a right result was reached. The two statements quoted from the Padol case, *supra,* are inconsistent with our views, were not necessary to a decision of the case, and were *obiter dicta.*

Section 2-1406, Burns' 1933, § 191, Baldwin's 1934, provides that when a change of venue is taken the clerk "shall forthwith transmit all the papers and a transcript of all the proceedings to the clerk of the court of the county to which the venue is changed; and the clerk of the proper court shall receive the papers and transcript, giving a receipt therefor, and docket the action in its order among the

other causes of the court; and the action shall stand for trial at the first term, and shall be tried or otherwise disposed of in the same manner as if the cause had originated in that court." Where there are several defendants to one complaint and one of them procures a change from the county, the entire case goes notwithstanding the defendants might have been sued separately. It has been uniformly held that the court to which the venue of a cause is changed acquires jurisdiction of the cause and of the subject-matter coextensive with that of the court from which it was removed, and may inquire into any matter connected with the subject-matter of the action, and may make any order, and render any judgment which might have been rendered by the court in which the action originated. *State ex rel. Price* v. *Weir, Judge* (1936), 210 Ind. 606, 4 N. E. (2d) 553; *State ex rel. Toon* v. *Thompson et al.* (1933), 204 Ind. 560, 185 N. E. 117; *Hawkins et al.* v. *State* (1890), 125 Ind. 570, 25 N. E. 818; *Trook* v. *Trook et al.* (1916), 63 Ind. App. 272, 110 N. E. 1004, 113 N. E. 730.; *Niagara Oil Co.* v. *Jackson et al.* (1911), 48 Ind. App. 238, 91 N. E. 825.

It is generally said that power to punish for contempt for disobeying an order of court is in the court which entered the order and judgment, but in *State ex rel. Price* v. *Weir, Judge, supra,* it was held that after a change of venue from the Superior Court of Marion County to the Hamilton Circuit Court, the Hamilton Circuit Court had full jurisdiction to set aside an order for support *pendente lite* entered in the Marion Superior Court before the change was granted, and that if the relator disobeyed the order entered by the Marion Superior Court, the Hamilton Circuit Court would be the one to find him guilty of contempt and fix the punishment, and not the Marion Superior Court.

The relief sought by the relatrix' petition was the right to file an answer and defend. It seems obvious that after the cause had gone to the Gibson Circuit Court on change of venue, the Superior Court of Vanderburgh County had no power or jurisdiction or authority to permit the filing of an answer in the case or hear a defense, since there was no complaint or cause pending in the Vanderburgh Superior Court to which an answer and defense could be directed; and, if it is thus obvious that the Vanderburgh Superior Court had no power to grant the relief sought, it would seem paradoxical to require that the petition for the relief should be filed in that court rather than in the Gibson Circuit Court, which had sole jurisdiction of the issues in the case and the subject-matter thereof, and in which the complaint, which the relatrix seeks to answer, rests for determination. The Gibson Circuit Court would seem to be the only court in which an answer to that complaint might properly be filed and a defense made. A rule which would permit the Vanderburgh Superior Court to grant leave to file an answer in a case which was not pending before it, but which was pending in the Gibson Circuit Court for all purposes as though it had been originally filed there, would seem entirely incompatible with orderly procedure. It is perfectly clear that if the relatrix, constructively served, had been defaulted in the Vanderburgh Superior Court, and the remaining defendants had appeared, and the venue had been changed without other defaults, and the action was now pending in the Gibson Circuit Court, the relatrix would have the right to appear and defend at any time before final judgment, and it cannot be doubted that, although defaulted in the Vanderburgh Superior Court, her ap-

pearance must be in the Gibson Circuit Court where the record rests and the case is pending.

The plaintiff addressed a demurrer to the relatrix' petition when it was filed in the Gibson Circuit Court. For the reasons above indicated, we are constrained to conclude that the petition is not demurrable; that no issues are contemplated; and that, upon the filing of the petition in conformity with the statute, there is no discretion but to permit the answer to be filed and a defense to be made.

It is ordered that the respondent grant the relatrix' petition.

NOTE.—Reported in 33 N. E. (2d) 336.