KUZMA, BY JOSEPH J. KUZMA, NEXT FRIEND *v.* PEOPLES TRUST & SAVINGS BANK ETC.

[No. 19,286. Filed June 29, 1961. Rehearing denied July 28, 1961.]

186

*John E. Early* and *Paul F. Arnold,* both of Evansville, for appellant.

*McCray & Clark* and *Gaylon L. Clark, Jr.,* for appellee.

RYAN, P. J.—This is a companion case to Cause No. 19285 entitled "Anna M. Kuzma, as Administratrix of the Estate of Rosemary Kuzma, Deceased, v. Peoples Trust & Savings Bank, Boonville, Indiana, as Personal Representative of the Estate of Lysle Eugene Emmons, Deceased," which was consolidated for the purpose of oral argument, and which is decided contemporaneously with this case.

It seems the appellant, Ethel Kuzma, was on February 5, 1955, driving an automobile which was involved in a collision with another car being driven by Lysle E. Emmons. The appellant suffered personal injuries in such collision.

This action was instituted by the filing of a claim against the estate of Lysle E. Emmons, who died on February 6, 1955. There is some variance between the dates used in the brief and those of the record before us as to the actions taken in the court below. In such case we of course must follow the transcript, which imports verity and which shows that Ethel Laura Kuzma, by Joseph J. Kuzma, as her next friend, filed her petition for the appointment of a personal representative for the estate of Lysle E. Emmons on January 12, 1957. The Warrick

Circuit Court then appointed the Peoples Trust & Savings Bank Administrator on the 19th day of January, 1957, and the Peoples Trust & Savings Bank filed its oath and qualified as administrator on May 8, 1957, at which time letters were issued by the clerk of the court to the said Peoples Trust & Savings Bank.

Then, on May 15, 1957, appellant's claim was filed against the estate of Mr. Emmons.

A motion to strike was filed against such claim, and the appellant filed an amended claim on January 2, 1958. A demurrer to such claim was filed on February 7, 1958, and after oral argument was held the court sustained the demurrer on September 10, 1958. The appellant refusing to plead over, judgment was entered against her on October 9, 1958, and from such judgment the appellant prosecuted this appeal.

The demurrer assigned as the statutory cause that the claim did not state facts sufficient to constitute a cause of action against the estate.

Appellant asserts that her claim is based upon personal injury to a minor, and under Burns' §2-605, 1946 Replacement [Acts 1881 (Spec. Sess.), ch. 38, §42, p. 240], which is as follows:

> "2-605. Persons under legal disabilities.—Any person being under legal disabilities when the cause of action accrues may bring his action within two (2) years after the disability is removed."

the appellant would have two years after her majority to bring her action. In support of such contention, appellant urges that §2-605, *supra*, was first in time, and to hold that it is limited by §7-801 (d), Burns' 1953 Replacement [Acts 1953, ch. 112, §1401, p. 295],[1] which provides:

---

1. Burns' §7-801, *supra*, has been amended by ch. 287, Acts 1961.

"7-801. Limitation on filing claims—Statutes of limitation—Claims barred when no administration commenced—Liens not affected.—

"(a) All claims against a decedent's estate, other than expense of administration and claims of the United States, and of the state and any subdivision thereof, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract or otherwise, shall be forever barred against the estate, the personal representative, the heirs, devisees and legatees of the decedent, unless filed with the court in which such estate is being administered within six (6) months after the date of the first published notice to creditors.

. . .

"(d) All claims barrable under the provisions of subsection (a) hereof shall, in any event, be barred if administration of the estate is not commenced within one (1) year after the death of the decedent."

would be a repeal by implication of §2-605, *supra,* and that such repeals by implication are not favored in Indiana.

The appellant further urges that an interpretation of §7-801 (d), *supra,* in limiting the appellant's action herein would cause conflict with §7-107, Burns' 1953 Replacement [Acts 1953, ch. 112, §707, p. 295; 1955, ch. 258, §4, p. 667], which provides as follows:

"7-107. Notice of appointment of personal representative—Creditors to file claims—Form of Notice.—As soon as letters testamentary or of administration, general or special, have been issued, the clerk shall cause to be published a notice thereof, in which notice there shall be included notice to creditors of the decedent to file their claims as required by law.

. . .

"All persons having claims against said estate, whether or not now due, must file the same in said

court within six months from the date of the first publication of this notice or said claims will be forever barred."

In discussing §7-801, *supra,* we find the following statement made in 1 Henry's *Probate Law* and *Practice,* ch. 13, §9, at p. 419:

". . . not a statute of limitations, but a denial of right of action. . . . It imposes a condition precedent to the enforcement of a right of action, while statutes of limitation create defenses that must be pleaded and may be waived. The court is without power to extend the time."

This language has been quoted with approval by this court in the cases of *Otolski* v. *Estate of Nowicki* (1958), 129 Ind. App. 492, 158 N. E. 2d 296, and *Russell, Administrator, etc.* v. *Moore* (1960), 130 Ind. App. 351, 164 N. E. 2d 670.

Again referring to 1 Henry's *Probate Law* and *Practice,* ch. 13, §9, at page 420, we find the following reference to section (d) of §7-801, *supra:*

"If administration is not 'commenced' within one (1) year after the decedent's death, all claims matured, unmatured and contingent, except, it is submitted, claims of the United States, the state and of subdivisions of the state, are barred. Thus the creditor is placed on his mettle to promptly cause administration to be opened."

It seems apparent that this provision of the statute does not come within the definition of a statute of limitations but rather that of a survival of claims under the condition of filing such claim within the time prescribed. Appellant is attempting to assert a statutory right, and, as stated in *The Evansville, etc., Co. et al.* v. *Winsor, by Next Friend* (1897), 148 Ind. 682, at p. 690, 48 N. E. 592:

"It is settled law in this State, however, that our statute authorizing the contest of wills creates a right that would not exist in its absence, and that the right given must be exercised within the time fixed by such statute, and that this right is not extended or limited by the general statute of limitations contained in the code of civil procedure. *Bartlett* v. *Manor, supra,* and authorities cited."

It should further be remembered that one of the basic tenets of public policy governing our Probate Code is the uniform and expeditious distribution of property of a decedent. Being a statutory right, the General Assembly can both giveth and taketh away if in so doing they do not conflict with the rule, as so aptly stated by Judge Landis of the Supreme Court of Indiana in the case of *Guthrie* v. *Wilson* (1959), 240 Ind. 188, 162 N. E. 2d 79, at page 82 thereof:

"The constitutional prohibitions against the taking of property without due process of law forbid the legislature from taking away a vested right, and similarly forbid any legislative attempt to take away immediately and completely all legal means for the enforcement of said right, as that would amount to a subversion of the right itself."

The provisions of §7-801 (d), *supra,* do not take away any vested right, but merely impose as a condition precedent the appointment of an administrator within one (1) year after death before such a claim as the one before us here may be enforced.

It should further be remembered that under Section 7-401 of the Probate Code, the appellant had the right to petition for the appointment of domiciliary letters on the failure of any other qualified person to so do within thirty (30) days.

That the General Assembly was not unmindful of the problem here created as to minors may be seen in §7-115 (c), Burns' 1953 Replacement [Acts 1953, ch. 112, §715, p. 295], which provides:

"7-115. Time limit for probate and administration.—

"(c) The title of any real estate or interest therein purchased in good faith and for a valuable consideration from the heirs at law of any person who shall have died seized of such real estate shall not be affected or impaired by virtue of any devise made by such person of such real estate so purchased, unless the will containing such devise shall have been duly probated and recorded in the office of the clerk of the court having jurisdiction within one (1) year after the death of the testator, or unless an action to contest its validity is commenced within the time provided by law and as a result thereof, said will is ultimately probated."

This section, as the Commission Comments point out, eliminated all exceptions created in favor of incompetence by the former statute.

We therefore feel constrained to hold that the commencement of the action here involved within the time prescribed by §7-801 (d), *supra,* was an indispensable condition to the liability of the action which it permitted, and that such section does not in effect repeal in this particular instance §2-605, *supra.* We are further of the opinion that there is no conflict between §7-801 (d), *supra,* and §7-107, *supra,* which provides in substance that as soon as letters testamentary or of administration have been issued, the clerk shall have a notice published thereof, which notice shall include a notice to creditors of the decedent to file their claims as required by law.

Section 7-107, *supra,* is applicable after the issuance of letters, but would have no application where there

is no administration within one (1) year as provided for in §7-801 (d), *supra*. This is in line with section (a) of §7-801, *supra*, which provides for all claims to be filed within six (6) months after the date of the first published notice to creditors.

Judgment affirmed.

Ax, Cooper and Myers, JJ., concur.

NOTE.—Reported in 176 N. E. 2d 138.