STATE EX REL. YOUNG METAL PRODUCTS, INC. *v.*
LAKE SUPERIOR COURT NO. 5, ET AL.

[No. 969S204. Filed June 8, 1970. No petition for rehearing filed.]

Owen W. Crumpacker, Kenneth D. Reed, Harold Abrahamson, Crumpacker & Abrahamson, of Hammond, for relator.

William J. O'Connor, Friedrich, Bomberger, Tweedle & O'Connor, of Hammond, George Vann, Barce, Barce & Vann, of Kentland, Thomas B. Dumas, of Rensselaer, for respondents.

GIVAN, J.—This is an original action wherein the relator filed its petition for writ of mandate and prohibition in this Court. Pursuant to said petition this Court issued an alternative writ of mandate and temporary writ of prohibition, which writ, omitting caption and signature, reads as follows:

"Comes now the Relator in the above-entitled cause and said Relator having filed and presented in this Court its verified Petition for a Writ of Mandate and Prohibition against the Respondents, said verified Petition being in the words and figures as follows, to-wit: (here insert), and the Court having seen and examined said petition and being duly advised in the premises, finds that an Alternative Writ of Mandate and a Temporary Writ of Prohibition should issue as prayed in said petition.

"IT IS THEREFORE, CONSIDERED, ORDERED AND ADJUDGED BY THE COURT that an Alternative Writ of Mandate be issued by the Clerk of this Court commanding the Lake Superior Court Room No. 5, and the Honorable James J. Richards, as Judge thereof, and the Jasper Circuit Court, and the Honorable Robert B. Wright, as Judge thereof to:

"(1) Grant the Motion of plaintiff below to strike and expunge the Respondent's Order purporting to approve the

bond of defendant below National Culvert Company which motion to strike and expunge appears at R. 55-57 of Exhibit 'A' to the verified petition and which order herein referred to appears at R. 54-A of Exhibit 'A' to said verified petition.

"(2) Grant and sustain the motion of plaintiff below to strike and expunge prior orders and to prohibit additional orders for want or excess of jurisdiction which said motion appears at R. 68-74 of Exhibit 'A' to the verified petition herein.

"(3) Grant and sustain the supplemental motion of plaintiff below to expunge prior orders and to prohibit additional orders for want or excess of jurisdiction which said motion appears at R. 119-129 of Exhibit 'A' to the verified petition herein.

"(4) To strike and expunge from the record the various orders referred to in the aforementioned motions to strike and expunge.

"(5) Ordering the Sheriff of Lake County, Indiana, to retake possession of the property described in the complaint below from defendants below and deliver the same onto plaintiff below pursuant to the possession bond of plaintiff appearing at R. 57-59 of Exhibit 'A' to the verified petition herein, all in connection with a cause commenced in the Lake Superior Court, Room No. 5, Hammond, Indiana, entitled *Young Metal Products, Inc.,* a corporation, plaintiff vs. *George Michels and National Culvert Company,* a corporation, defendants Cause No. 569-452 or, on failure to do so, that said Respondents file their return showing any reason in law or in fact why this writ should not be made permanent on or before the 6th day of October, 1969.

"IT IS FURTHER ORDERED that the Sheriffs of Lake County, Indiana, and Jasper County, Indiana, be and they are hereby authorized and directed to make due service of said writ upon Respondents and of such service make due return to this Court. It is further ordered that the Clerk of this Court mail a copy of said petition with all exhibits and the brief filed in support thereof to the Respondent Lake Superior Court Room No. 5, and the Honorable James J. Richards, Judge thereof, and also to the opposing party in the case giving rise to the writ, George Michels and National Culvert Company, or their attorney William J. O'Connor, 5217 Hohman Avenue, Hammond, Indiana, by certified mail, return receipt requested.

"IT IS FURTHER CONSIDERED, ORDERED, ADJUDGED AND DECREED BY THIS COURT that the

Respondents be and they are hereby commanded and directed to refrain until further order of this Court from proceeding further or exercising jurisdiction in any and all matters pertaining to the cause of *Young Metal Products, Inc.* vs. *George Michels and National Culvert Company* commenced as Cause No. 569-452 on the records of said Lake Superior Court and particularly the following matters, to-wit: From entering any orders purporting to extend the time allowed for defendants below to file tender or present a written undertaking pursuant to the provisions of Burns' Indiana Statutes Annotated, Section 3-1306 and to refrain from purporting to approve or disapprove written undertakings presented by defendants following the approval by the Sheriff of Lake County, Indiana, of the undertaking presented by plaintiff Young Metal Products, Inc. which written undertaking appears at R. 57-59 of Exhibit 'A' to the verified petition herein.

"IT IS FURTHER ORDERED that the Respondent show cause on or before the 6th day of October, 1969, why the writ should not be made permanent.

"IT IS FURTHER ORDERED that the Sheriffs of Lake County, Indiana, and Jasper County, Indiana, be and they are hereby authorized and directed to make due service of said writ upon Respondents and of said service make due return to this Court.

"IT IS FURTHER ORDERED that the Clerk of this Court mail a copy of said petition with all exhibits and the brief filed in support thereof to the Respondent Lake Superior Court, Room No. 5 and Honorable James J. Richards, Judge thereof, and the Jasper Circuit Court and Honorable Robert B. Wright, Judge thereof, and also to the opposing party in the case giving rise to the writ, George Michels and National Culvert Company, or its and their attorney, William J. O'Connor, 5217 Hohman Avenue, Hammond, Indiana, by certified mail, return receipt requested.

"ALL OF WHICH IS ORDERED, ADJUDGED AND DECREED by the Supreme Court of Indiana, this 8th day of September, 1969."

On the 30th day of September, 1969, the respondents filed their verified return to the alternative writ.

The facts leading to this original action are as follows:

On the 15th day of May, 1969, relator, plaintiff below, filed its complaint for ejectment and affidavit for immediate pos-

session of real estate in the respondent Lake Superior Court No. 5. On that date the amount of plaintiff's bond was fixed at $40,000. The sheriff was ordered to seize immediate possession.

On the 24th day of May, 1969, the defendants filed a petition to reduce the bond.

On the 29th day of May, 1969, the court reduced the bond to $20,000 and gave the defendants until June 3 within which to file bond.

On the 2nd day of June, 1969, the defendant National Culvert Company, Inc., filed its bond in the sum of $20,000. The court approved the bond and ordered the sheriff to return whatever possession he had to the defendants.

On the 5th day of June, 1969, the relator filed a motion to strike and expunge the court order purporting to approve the National Culvert Company's bond. The motion stated, among other things, that relator had on that day filed a possession bond in the sheriff's office. On the same day the defendants filed a motion to "* * * expunge from the record herein and to order the sheriff to return to the plaintiff herein the bond filed this date by the plaintiff * * *."

The court granted the relator's motion to expunge the court's approval of the filing of the bond by the defendant National Culvert Company, Inc., as of the 2nd day of June, 1969, and deferred action on the defendant's motion to return plaintiff's bond for 24 hours to permit defendants to obtain approval of a bond by the Sheriff. He gave the defendants until 3:00 o'clock P.M., June 6, 1969.

On the 6th day of June, 1969, the defendants filed their motion for extension of time to file a bond on the ground that the county attorney was not available and the sheriff would not approve any bond until he had the advice of the county attorney.

The court continued the cause until 2:00 P.M. on Monday,

June 9, 1969, and extended the time for approval of the bond to after a hearing on said date.

On the 9th day of June, 1969, the defendants filed a bond with the sheriff, which was approved on that date, and also filed their answer to relator-plaintiff's complaint. On the same date relator filed its motion to expunge prior orders and to prohibit additional orders for want or excess of jurisdiction, which motion was denied by the court on June 13, 1969.

On the 16th day of June, 1969, defendants filed a demand for a trial by jury and a motion for change of venue from the county which was granted.

On the 17th day of June, 1969, the relator filed a supplemental motion to expunge prior orders and to prohibit additional orders for want of jurisdiction, which motion was denied. On the same date the court granted defendants' motion made on June 5, 1969, to expunge the bond filed by the relator and ordered the sheriff to return the same to the relator.

On the 18th day of June, 1969, the cause was venued to the Jasper Circuit Court.

On the 15th day of August relator filed its petition for writ of mandate and prohibition, pursuant to Rule 2-35, with the Supreme Court Administrator.

On the 20th day of August, 1969, relator filed a petition to reconsider the court's rulings with the Jasper Circuit Court.

On the 8th day of September, 1969, as above set out, this Court issued its alternative writ of mandate and temporary writ of prohibition.

The respondents make the following contentions concerning this original action:

A) The Jurisdictional Requirements of Rule 2-35 of the Rules of The Supreme Court have not been fulfilled by Relator in that Relator failed to set out in its petition or make exhibits thereto, the pleadings, orders and

entries of the Jasper Circuit Court pertaining to the subject matter of this original action.

We do not believe that this contention is well taken for the reason that the relator was required under our then Rule 2-35 to file his papers with the court administrator's office prior to any hearing on the writ or the formal filing of any paper. Following this filing the court administrator under the rule is to fix a Monday for a hearing on the petition which shall not be less than one week from such filing. To comply with this rule the relator made his preliminary filing with the court administrator on August 15, 1969, which was five days before the filing of his petition to reconsider in the Jasper Circuit Court. The action complained of by the relator had already been accomplished in the Lake Superior Court prior to the change of venue. Under our change of venue law, the receiving court receives the case including all prior rulings. *State ex rel. Karsch v. Eby, Judge* (1941), 218 Ind. 431, 33 N. E. 2d 336.

We do not think that a relator who has ground for obtaining a writ of mandate and prohibition against a trial court should be delayed in obtaining his relief simply because a change of venue is asked by the opposing party. At the time the papers were filed with this court's administrator, there was no pleading in Jasper Circuit Court which could have been included in the record. However, to the extent that knowledge of any subsequent pleading would be useful in this cause such has been supplied by the respondents in their return and attached thereto as exhibits.

Respondents' second point is as follows:

B) As to the Respondents', Lake Superior Court, Room No. 5, and Honorable James J. Richards, as Judge thereof, said Court and Judge no longer have any jurisdiction because the cause was on the 18th day of June, 1969, venued to the Jasper Circuit Court.

We see no utility to the dissolving of this writ as to Lake Superior Court, No. 5. It is true that because of the change of venue the jurisdiction in the cause now lies with the Jasper Circuit Court. However, this cause originated in the Lake Superior Court. It is that court's action in this cause from which relator is seeking remedy. We feel that the better practice in this type of situation is to issue the writ against the original court and the venue court in order that there be no question as to what is being accomplished by the writ. This Court previously has used language indicating that in a change of venue situation the receiving court acquires jurisdiction of the subject matter "coextensive with" the court from which the cause was removed. *State ex rel. Karsch* v. *Eby, Judge, supra.*

The matters stated in the temporary writ heretofore issued and in this opinion will apply to both courts.

Respondents further contend:

C) The Relator has an adequate remedy at law, has failed to show an emergency, and is fully protected by the bond of defendants below.

The parties started out in this cause in an action for the immediate possession of real estate. We cannot say that in such a situation no emergency exists or that a remedy of appeal avails the party of the needed relief, if the relator is in fact entitled to the immediate possession.

Under Burns Ind. Stat., 1968 Repl., § 3-1306 the defendants' right to retain possession of the real estate was conditioned upon the execution of a written undertaking payable to the plaintiff to be approved by the sheriff within five days after service of notice. In this case the defendant failed to perform the condition imposed under the statute. The trial judge exceeded his jurisdiction in the case in purporting to extend the statutory five day period. We have long recognized that conditions precedent are part of the

right itself and cannot be waived or otherwise dispensed with. *Donnella* v. *Crady* (1963), 135 Ind. App. 60, 185 N. E. 2d 623, transfer denied 191 N. E. 2d 499; *Kuzma* v. *Peoples Trust, etc.* (1961), 132 Ind. App. 184, 176 N. E. 2d 138; *Lewis* v. *Est. of Smith etc.* (1959), 130 Ind. App. 390, 162 N. E. 2d 457.

Where the legislature has by statute afforded a remedy and the prescribed procedure to be followed in connection with the remedy, then the procedure must be strictly followed. *Ballman* v. *Duffecy* (1952), 230 Ind. 220, 102 N. E. 2d 646; *State ex rel. Gary Taxpayers' Assn., Inc.* v. *Lake Superior Court et al.* (1947), 225 Ind. 478, 76 N. E. 2d 254.

In the case at bar the court was without jurisdiction to in effect rewrite the statute by extending the time for the defendants to post bond in order to retain possession. The relator had thus gained the right under the statute to post the required bond and obtain possession. We feel that the very nature of the case demonstrates an emergency and a need for relief.

Respondents further claim:

D) The question raised by Relator's Verified Petition of the authority of the trial court to extend the time provided in Burns Ind. Stat. § 3-1306 for parties to ejectment actions to file possession bonds is a moot question because Relator failed to meet the very provisions of said statute which it asks this Court to enforce against Respondents; and defendants below are entitled to possession under that statute as interpreted by Relator.

We find no merit to this proposition set forth by the respondents. It is true that the defendants did not file their bond within five days after they were served with notice. It is equally true that the relator did not file its bond within five days thereafter as required by

Burns Ind. Stat., 1968 Repl., § 3-1306. However, it should be noted as above set out that pursuant to its authority under Burns Ind. Stat., 1968 Repl., § 2-4727 the court entertained a hearing for reduction of the bond during this period of time, which was within the court's power and which had the effect of staying the time within which the parties could file the bond. The new bond of $20,000 was set by the court on May 29, 1969. The bond purportedly filed by National Culvert Company, Inc. on June 2, 1969, was found by the trial court to be faulty. The relator filed its written bond with the sheriff in accordance with the statutes on the 5th day of June, 1969, which was well within the time provided.

For the foregoing reasons the alternative writ of mandate and temporary writ of prohibition heretofore issued is made permanent.

Hunter, C.J., and Arterburn, J., concur; DeBruler, J., dissents without opinion; Jackson, J., dissents with opinion.

## DISSENTING OPINION

JACKSON, J.—I am unable to concur in the majority opinion herein and dissent thereto.

It appears this action was started originally by the relator as an action in ejectment against his tenants George Michels and National Culvert Company. In due time, within the statute, relator filed its affidavit for immediate possession, pursuant to Acts 1927, ch. 254, § 1, p. 741, being § 3-1301 *et seq.*, Burns' 1968 Repl. The court thereupon (presumably pursuant to Acts 1947, ch. 215, § 1, p. 779 being § 2-4727 Burns' 1968 Repl.) fixed the amount of the bond or undertaking at $40,000.00. Presumably, the clerk thereupon issued an order to the sheriff of the county directing the sheriff to seize the possession of the property described in said complaint and affidavit pursuant to Acts 1927, § 2 (or § 3-1305 Burns') as well as summons. We assume the sheriff obeyed the law as embodied in the Act § 2 or § 3-1305.

Defendants failed to present their written undertaking to the sheriff within five (5) days after the service or posting of notice. Neither the defendant nor some person in his behalf, within five days after the service or posting of such notice executed a written undertaking payable to the plaintiff, with sufficient surety to be approved by the sheriff, to the effect that the defendant will safely keep and preserve said property, that the same will not be in any way injured or damaged, as provided by § 3, Acts 1927, or § 3-1306, Burns' 1968 Repl. Upon failure of defendants to give the written undertaking relator tendered to the sheriff its written undertaking, with surety, which bond was received by the sheriff, filed by him, examined as to surety and approved. Relator's brief shows the action in ejectment was brought below by Young Metal Products, Inc., a Corporation, against co-defendants George Michels and National Culvert Company, Inc.

As I interpret the law, under the plain wording of the statute, if the defendants, or some person in their behalf failed to give the bond or undertaking required within five days after May 21, 1969, then the plaintiff *had five days* within which to file such bond and in such event *on approval of the bond by the Sheriff*, the Sheriff was required to deliver possession of the property to the plaintiff. If however the plaintiff failed to file its bond within the succeeding five (5) days, *i.e.*, before June 3, 1969, then the defendant would normally retain possession of the real estate until the outcome of the suit was determined on the merits.

In the case at bar while it looks like, and while I greatly dislike the maneuvers of the court and defendants' counsel, that with the service of the order on May 21, 1969, time began to run. I am of the opinion that when the court on May 15, 1969, fixed the bond for possession at $40,000.00 and the clerk issued the summons and the order to the sheriff to seize immediate possession, the court had acted under the 1947 Act, § 2-4727 Burns' and no longer had any jurisdiction

with regard to the bond, extension of time or reduction thereof, but exercised all the discretion and jurisdiction granted under the 1947 Act.

That being the case then, plaintiff had to before June 3, 1969, file its proper bond to the satisfaction of the sheriff. Failing to do so, I am of the opinion the defendants are entitled to hold possession until at least the outcome of the case on the merits. Bear in mind the 1947 Act gives the court only the power to fix "the penalty" of the bond in such amount as he in his discretion may deem adequate, but in no event less than one hundred dollars, and that power is granted only in certain instances specified by such Act. Even under the 1947 Act the court did not have the power to approve the bond or undertaking, that duty remains with the sheriff.

Plaintiff in my opinion should have tendered a proper bond to the sheriff in the sum of $40,000.00 prior to June 3, 1969, failing so to do, it was not, and is not now, entitled to the possession of the property described in the ejectment action, *by compliance with the 1927 Act,* hence in my opinion is not entitled to the relief sought in the instant action.

However, should the court determine that the 1947 Act, ch. 215, § 1, p. 779 being Burns' § 2-4727, did not in fact operate as a repeal of § 4, Acts 1927, ch. 254, then the action of respondent Judge of the Lake Superior Court, Room 5, was and is a nullity and in excess of his jurisdiction because Acts 1927, *supra,* placed the duty of fixing the amount of the bond or undertaking, and approving the same, on the sheriff, and no one else could perform that duty. Regardless of that fact, the record shows service of the required notice and order on defendant on May 21, 1969. No bond or undertaking was filed by or on behalf of defendants within the five days allowed. Plaintiff then had five days within which to file its bond. The record shows plaintiff first tendered its bond or undertaking on June 5, 1969.

In connection with the effect of the 1947 Act as it relates

to the 1927 Act, I am inclined to the belief that it does not operate as a repealer of § 4 of the 1927 Act as it does not purport to repeal any other Act, and the title of the Act reads "AN ACT entitled 'An Act providing for limitation of liability on open undertakings.' " In any event, in my opinion, it does not affect the matter now before us.

The key to the rights of the parties turned, after the filing of the affidavit for immediate possession, and the issuance of the clerk's order provided by § 3-1305 Burns' on strict compliance with § 3-1306 Burns' "* * * within five (5) days after the service or posting of such notice," etc.

The 1927 Act (§ 3-1301 *et seq.*) providing for the immediate possession of real estate is a specific and special statute. Relief thereunder must be had within the purview of the act, or not at all. In my opinion the plaintiff-relator has not brought himself within the purview of the act, has suffered laches and is therefore not entitled to the relief sought and now erroneously granted by this Court. The temporary writs heretofore issued by this Court should be dissolved and the permanent writs denied.

NOTE.—Reported in 258 N. E. 2d 853.