**In the Matter of the ESTATE of Maurice COMPTON, Deceased.**

**INDIANA DEPARTMENT OF STATE REVENUE, INHERITANCE TAX DIVISION, Appellant (Petitioner Below),**

v.

**SHELBY NATIONAL BANK, Executor, of Estate of Maurice Compton, Deceased, Appellee (Respondent and Counterclaimant Below).**

No. 1–280A31.

Court of Appeals of Indiana, First District.

July 3, 1980.

Theodore L. Sendak, Atty. Gen., Alembert W. Brayton, Deputy Atty. Gen., Indianapolis, for appellant.

Warren M. Brown, Brown, Brown & McQueen, Shelbyville, for appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

The Indiana Department of Revenue, Inheritance Tax Division (Department) appeals a judgment of the Shelby Circuit Court ordering a refund of inheritance taxes collected from the Shelby National Bank,

Executor, of the Estate of Maurice Compton, Deceased (Estate).

## FACTS

Maurice Compton died testate on July 14, 1975. The will directed four specific bequests and devises and established a trust for the benefit of his widow, Lorinda, the corpus of which could be invaded at the discretion of the trustee bank. Upon Lorinda's death, the balance of the trust property was to pass to two local churches.[1]

The circuit court's order determining the value of the estate and the amount of inheritance tax was issued on December 4, 1975. The inheritance and federal estate taxes were paid on January 8 and March 9, 1976, respectively.

On December 22, 1977, apparently in response to an Internal Revenue Service audit and a threatened disallowance of both marital and charitable deductions, the Estate, pursuant to IC (1971) 30–4–3–31 (Burns Code Ed., Supp.1979),[2] petitioned for a modification of the testamentary trust to bring it into compliance with § 2055 of the Internal Revenue Code of 1954, 26 U.S.C. § 2055, and to obtain the tax benefits afforded charitable remainder trusts. As modified, the widow agreed to receive only an annual annuity of $15,000. Upon her death the trust assets were to be distributed to the qualifying organizations. The circuit court granted the petition in an amended order dated December 30, 1977.

During the course of the continuing audit, the IRS reappraised a farm specifically devised to the decedent's brother, Raymond, at a figure significantly higher than that reported by the Estate. Further, a United States Treasury Bond and another farm, part and parcel of the trust assets, were

1. The trust assets were appraised at $292,-119.79.

2. IC 30–4–3–31(a) provides:
   "(Judicial modification of charitable remainder trusts to comply with sections 170, 664, 2055, 2106 and 2522 of the Internal Revenue Code of 1954) (a) This section is enacted for the purpose of confirming the power of Indiana courts to modify charitable remain-

   der trusts to effect compliance with sections 170, 664, 2055, 2106 and 2522 of the Internal Revenue Code of 1954 so that these trusts may obtain the income tax exemption afforded by section 664 and donors of gifts to these trusts may secure the income, estate and gift tax charitable deductions granted by sections 170, 2055, 2106 and 2522."

also assigned higher appraised values. Notwithstanding the increase in the total fair market value of the property held in trust, the allowance of the charitable deduction resulted in a reduction of taxable interests; that is, only the actuarial value of Lorinda's annuity was subject to estate taxation. Finally, the IRS assessed a deficiency which the court ordered paid on December 6, 1978.

On March 16, 1979, the Estate's attorney forwarded to the Department a copy of the IRS estate closing letter and, erroneously, a preliminary audit. A copy of the final computation of tax followed on April 6, 1979. On April 20, 1979, pursuant to IC (1971) 6–4.1–7–6 (Burns Code Ed., Repl.1978),[3] the Department timely petitioned for a redetermination of the inheritance and transfer tax due, based upon the federal reappraisal of the estate assets. The Estate counterclaimed on July 20, asserting that since the trust had been modified, the Estate could now claim the charitable exemption afforded by IC (1971) 6–4–1–3 (Burns Code Ed.).[4]

The trial court granted the Department's claim for additional taxes based upon the increase in the appraisal value of Raymond's farm, but granted the Estate's counterclaim for a refund based upon the modification of the trust. The trial court found that Lorinda had received an annuity valued at $94,739.54 rather than the trust assets appraised in the original determination at $292,119.79; thus it computed inheritance tax due to be $12,185.44. Since $15,-267.82 had been "erroneously" collected, a refund in the amount of $3,072.38 was ordered.

## ISSUES

The appeal presents two issues:[5]

I. Whether the lower court erred in allowing the IC 30–4–3–1 modification of the testamentary trust to be a material factor in the inheritance tax determination; and

II. Whether the lower court erred in refusing to strike, and in rendering a favorable judgment upon, the Bank's counterclaim for a refund.

*Issue I.*

IC 30–4–3–31 was "enacted for the purpose of confirming the power of Indiana courts to modify charitable remainder trusts to effect compliance with" specific sections of the Internal Revenue Code of 1954, "so that these trusts may obtain the income tax exemption . . . and donors of gifts to these trusts may secure the income, estate, and gift tax charitable deductions" afforded.

---

3. IC 6–4.1–7–6 provides:

"(a) The department of state revenue may accept a probate court's determination of the inheritance tax due as a result of a decedent's death as a provisional estimate of the inheritance tax imposed.

(b) If the final determination of federal estate tax shows a change in the fair market value of the assets of a decedent's estate, the department of state revenue may petition, or cause other persons to petition, the probate court which has jurisdiction for a redetermination of the inheritance tax imposed as a result of the decedent's death. The petition must be filed within thirty [30] days after a copy of the final determination of federal estate tax is filed with the department as required by IC 6–4.1–4–8. An inheritance tax redetermination which is made under this section is limited to modifications based on the change in the fair market value of the assets of the decedent's estate."

The statute has been amended. See footnote 9, *infra.*

4. IC 6–4–1–3 provides:

"There shall be exempt from the tax imposed by this act [6–4–1–1—6–4–1–40] (a) all transfers to or for the use of any municipal corporations within this state; (b) all transfers to any public institutions for exclusive public purposes; (c) all transfers to any trustee or trustees in trust for the sole benefit of any charitable, educational, or religious organization, fund, or foundation; and (d) all transfers to any corporation, institution, society, association, or trust, wherever incorporated or organized, formed for charitable, educational, or religious purposes: . . . . ."

The statute was repealed by Acts 1976, P.L. 18, § 2, restated and reenacted in Acts 1976, P.L. 18, § 1, and subsequently amended in Acts 1976, P.L. 19, § 1. For current law, see I.C. (1971) 6–4.1–3–1 (Burns Code Ed., Repl.1978).

5. Our discussion and decision upon these issues obviate a consideration of the issue of computation.

As originally enacted in 1973, the statute applied only to trusts created after July 31, 1969, and on or before December 31, 1972. Acts 1973, P.L. 294, § 1. During the 1977 session the legislature amended the statute to permit the modification of trusts created no later than December 31, 1977. Acts 1977, P.L. 301, § 1. From the retroactive nature of these enactments, it can be assumed that the legislature anticipated the modification of testamentary trusts subsequent to the determination of the inheritance tax yet prior to the final determination of the federal estate tax. IC 30–4–3–31 makes no mention of the inheritance tax statutes; the tax statutes make no mention of IC 30–4–3–31 or of its effect upon timely petitions for rehearing or refund. We recognize that a valid court order modifying a trust instrument should be effective for all purposes; we also recognize that, by the express terms of the statute, a charitable remainder trust created by the modification of a testamentary instrument shall be deemed created on the date of the testator's death. Nonetheless, we will not address the broad issue of the effect of an IC 30–4–3–31 modification, but will assume, *arguendo*, that the modification is effective in this case and will base our decision on other grounds.

### Issue II.

The determination and collection of Indiana inheritance tax are governed entirely by statute. The rights and obligations of the department of state revenue and the taxpayer, and the jurisdiction and powers of the probate court are defined therein. The Department argues that the judgment upon the Estate's counterclaim was improper and erroneous for two reasons: the petition for review or refund, if any, was not timely and thus the court was without jurisdiction; the scope of the court's review exceeded the express limitations of IC 6–4.-1–7–6.

The inheritance tax statutes provide four procedural remedies for the correction of errors in the determination and collection of the tax. The first is IC (1971) 6–4–1–11 (Burns Code Ed.).[6] This section grants any dissatisfied party the right to petition the court for a rehearing on the original determination. The scope of the redetermination is quite broad: the court may consider any factor relating to the manner in which the amount of tax is ultimately computed, including appraisal of assets, determination of the nature and fair market value of interests transferred, consideration of exemptions and deductions, etc. *In re Estate of Hogg*, (1971) 150 Ind.App. 650, 276 N.E.2d 898. However, the petitioner must be diligent; he must file within 90 days after the court's order.

A second remedy is provided by IC (1971) 6–4–1–12 (Burns Code Ed.).[7] This section

6. IC 6–4–1–11 provides:
  "The state board of tax commissioners [department of state revenue] [or] any person dissatisfied with the appraisement or determination of such tax, may apply for a rehearing thereof, before the court, within ninety [90] days from the determination of the tax by the court, as herein provided, on filing a written petition, which shall state grounds for the rehearing. The rehearing shall be determined upon the records, proceedings, and proofs had and taken on the original hearing: Provided, That the court may, if deemed advisable, hear additional evidence."
  Note that IC 6–4–1 was repealed, restated, and reenacted in Acts 1976, P.L. 18. For current law, see IC (1971) 6–4.1–7–1 (Burns Code Ed., Repl.1978).

7. IC 6–4–1–12 states:
  "Within one [1] year after the entry of any order or decree of the court, determining the value of an estate and the tax due thereon, the state board of tax commissioners [department of state revenue] or any dissatisfied person may, if they believe that the valuation of the property and assets of a decedent's estate, as valued by the appraiser and approved by the court, does not reflect a fair market value, or within two [2] years after the entry of said order or decree in cases in which the tax determination has been fraudulently, collusively or erroneously made, petition the court originally determining the tax for a reappraisal thereof. The court, upon the filing of said petition may thereupon appoint a competent person to reappraise said estate. . . . The report of such appraiser shall be filed in the court for which he was appointed, and thereafter the same proceedings shall be taken, and had by and before such court, as herein provided to be taken, and had by and before the court at the origi-

grants any dissatisfied party the right to petition the court for a reappraisal of the assets of the estate. With regard to this review, Judge Buchanan opined, in *In re Estate of Hogg, supra*, 150 Ind.App. at 660, 276 N.E.2d at 903:

> "[T]he intent of . . . [IC 6–4–1–12], is for a reappraisal of listed assets. The entire thrust of this section is to be certain that any valuation of assets reflect a fair market value and a last resort is given, for this purpose and this purpose only. Further, the phrase 'redetermination of the tax' used in this section must be read in context to mean *redetermination* based on *revaluation* resulting from *reappraisal* of property previously appraised." (Emphasis added.)

The petition must be filed within one year after the entry of the order or decree which establishes the value of the estate and determines the tax due. If the determination

has been fraudulently, collusively, or erroneously made, the petitioner must file within two years after the original order.

Yet another remedy is provided by IC 6–4.1–7–6.[8] This section allows the department of state revenue to petition the court for a limited redetermination based upon any change in the fair market value of the assets of the estate as established by the final determination of the federal estate tax. The department is not allowed to base any modifications upon changes in the nature of property interests transferred, exemptions, or deductions.[9] The department must file its petition within 30 days after a copy of the final determination is submitted to it by the estate, pursuant to IC (1971) 6–4.1–4–8 (Burns Code Ed., Repl.1978). *In re Estate of Adamson*, (1980) Ind.App., 403 N.E.2d 355.

Finally, IC (1971) 6–4–1–17 (Burns Code Ed.)[10] allows the taxpayer to petition the

---

nal determination of the tax. The redetermination of the tax by such court shall supersede the determination of the court, on the first appraisal, and a copy thereof shall be forwarded to the state board of tax commissioners [department of state revenue] and a copy thereof filed with the clerk of the court, and with the county treasurer."
For current law, see IC (1971) 6–4.1–7–2––4 (Burns Code Ed., Repl.1978).

**8.** See footnote 3, *supra*.

**9.** Note, however, that IC (1971) 6–4.1–7–6(b) (Burns Code Ed., Supp.1979), effective as to the estates of individuals dying after June 30, 1979, provides:

"(b) If the final determination of federal estate tax shows a change in the fair market value of the assets of a decedent's estate *or a change in deductions* the department of state revenue may petition, or cause other persons to petition, the probate court which has jurisdiction for a redetermination of the inheritance tax imposed as a result of the decedent's death. The petition must be filed within thirty [30] days after a copy of the final determination of federal estate tax is filed with the department as required by IC 6–4.1–4–8. An inheritance tax redetermination which is made under this section is *limited to modifications based on either a change in the fair market value of the assets of the decedent's estate or a change in deductions.*" (Emphasis added.)
With each session the legislature increases the interrelationship between the Indiana inheritance and estate and the federal estate tax

codes. See, *e. g.*, IC (1971) 6–4.1–3–1 (Burns Code Ed., Repl.1978); Acts 1980, P.L. 57, §§ 2, 13, 15, and 16.

**10.** IC 6–4–1–17 states:

"The state board of tax commissioners [department of state revenue] is authorized and empowered *to order the refund and repayment*, without interest, of all taxes heretofore or hereafter erroneously[,] wrongfully or illegally imposed on estates, inheritances, bequests, legacies, devises, successions, gifts or other similar transfers of property, and of all such taxes that are excessive in amount or in any manner wrongfully collected by the state of Indiana, whether such taxes were imposed through mistake of fact or mistake of law and whether or not such taxes were paid voluntarily and without protest, and notwithstanding any claim heretofore filed for such refund. From any order of the state board of tax commissioners [department of state revenue] with reference to any such refund or repayment, the claimant shall have a right to appeal by filing an original action against such board [department]; such action, in the case of a resident decedent, *to be filed in the court which originally fixed and determined the amount of tax due the state of Indiana,* and, in the case of a nonresident decedent, to be filed in the probate court of Marion County, Indiana. All such original actions shall be brought within ninety [90] days after the entry of such order by said board [department]. Upon such appeal, the court may determine the proper amount of refund due, if any,

department of state revenue for a refund of any overpayment resulting from an error of law or fact in the determination, computation, or collection of the tax. The department's decision on the matter may then be appealed to an appropriate court. The petitioner must file for the refund within three years after the payment; he must appeal within 90 days after the entry of the order.

It is apparent from the terms of the judgment and the nature of the award that the circuit court redetermined the inheritance tax upon the bases of a modification in the nature and extent of the property interest transferred to Lorinda and an allowance of a charitable exemption, and ordered a refund of the overpayment upon the original determination. The issue is whether the court erred in doing so. It is undisputed that neither the county assessor's appraisal of the assets of the Estate nor the court's determination of the tax was challenged. This was largely due to the fact that the assets were given a favorable, even low, appraisal, and that the trust was not modified so as to secure a federal charitable deduction or a state charitable exemption until long after a timely rehearing under IC 6–4–1–11 could have been requested. Furthermore, the Estate did not timely petition the Department for a refund and, of course, did not appeal to the probate court.

The Department argues that the Estate failed to avail itself of any of the legislatively-prescribed remedies, and that the Estate's counterclaim thus failed to confer upon the court the necessary jurisdiction over the claim for a refund. The Estate's argument is based upon Ind.Rules of Procedure, Trial Rule 13(J) which permits the assertion of a counterclaim even though barred by a statute of limitations, non-claim statute, or other discharge at law, if the

counterclaim diminishes or defeats the opposing party's claim and the subject matter arises out of the same occurrence. The resolution of this question necessitates a brief discussion of the general limitations upon securing statutorily provided relief.

In discussing the failure of certain parties to comply with procedural requirements for obtaining statutory remedies, this court, in *Decatur REMC v. PSC and Greensbury Colonial Manor Apts., Inc.*, (1971) 150 Ind.App. 193, 196–197, 275 N.E.2d 857, 859, opined:

"If a question of failure to pursue statutory remedies is posed, such 'a failure to so comply with the procedure set forth in the statute is jurisdictional, . . . .' *Monon R. Co. v. Citizens of Sherwood Forest Addition, Marion County* (1970), 146 Ind.App. 620, 257 N.E.2d 846, 850.

\* \* \* \* \* \*

If the legislature has provided a remedy, courts have no jurisdiction over the subject matter until such time as those remedies are exhausted or denied.

\* \* \* \* \* \*

Under the new Rules of Civil Procedure adopted January 1, 1970, the question of jurisdiction over the subject matter is usually raised either in a consolidated motion before answer or by the answer itself if no such motion is used. See Rule TR. 12. However, this defense is available at any time before final decision and in any manner, and if not raised by a party it is our duty, sua sponte, to raise and determine it. . . . Unlike jurisdiction over the particular case, subject-matter jurisdiction *cannot* be imposed by mutual consent or waived." (Citation omitted.)

In *Public Service Commission of Indiana v. City of Indianapolis*, (1956) 235 Ind. 70, 83,

---

subject to the right of appeal to the Supreme Court as provided by law in the case of other civil actions: Provided, however, That an application for the refunding of such tax shall have been made to said state board of tax commissioners [department of state revenue] by or on behalf of the person entitled thereto within three [3] years after the payment thereof or within ninety [90] days after the

taking effect of this act [6–4–1–1—6–4–1–40], or within one [1] year after the final reversal or modification, by the court of highest resort having jurisdiction in the premises, of the order fixing such tax, whichever shall be later."

For current law, see IC (1971) 6–4.1–10–1 (Burns Code Ed., Repl.1978) and Acts 1980, P.L. 57, § 25.

131 N.E.2d 308, 313, our Supreme Court said:

"However, where the statute provides for a procedure for such review or for a judicial remedy, it excludes any common law or equitable procedure to the extent such statutory provisions are adequate in protecting and preserving such substantive rights guaranteed by the constitution, the statutes or general principles of law. Such statutory procedure must be followed at least to the extent of the remedy available before resort is made to any common law or equitable remedy." (Citations omitted.)

In *State ex rel. Wilson v. Howard Circuit Court*, (1957) 237 Ind. 263, 268, 145 N.E.2d 4, 7, the court again spoke on the subject, as follows:

"The power to entertain a particular proceeding may depend upon compliance with statutory conditions precedent to the exercise of that power. 'Necessarily the statutes upon which the proceeding is based, if a statutory one, must be taken into consideration in determining the sufficiency of the pleading to confer jurisdiction. The averment of matters which the statute makes jurisdictional is an indispensable prerequisite to the attaching of jurisdiction over the subject matter.' I Freeman, Judgments (5th Ed.), § 338, p. 680."

As we noted earlier on, the taxation of property interests transferred at the time of death is governed entirely by statute. Thus, a failure to comply with the conditions precedent to the assertion of a claim against the department of state revenue results in a lack of jurisdiction in the court. In *In re Estate of Hibbeln*, (1973) 157 Ind.App. 422, 300 N.E.2d 384, we held that the State's failure to timely petition for rehearing under IC 6–4–1–11 deprived the probate court of subject matter jurisdiction. We cited *Ballman v. Duffecy*, (1952) 230 Ind. 220, 229, 102 N.E.2d 646, in which our Supreme Court stated:

"This court has heretofore said that a court in acquiring jurisdiction must not only have jurisdiction of the parties and

the general subject of the controversy respecting real property, but must have jurisdiction of the subject matter of the particular case. . . . A failure to comply with the statute is jurisdictional, and therefore the trial court did not have jurisdiction of the parties or the particular case." (Citations omitted.)

In *Marhoefer Packing Company, Inc. v. Indiana Department of State Revenue*, (1973) 157 Ind.App. 505, 301 N.E.2d 209, this court addressed the issue of the conditions precedent to obtaining a refund under the Indiana gross income tax statutes. The relevant statute required that a petition for refund be filed with the department within three years from the date of payment of the tax; if denied, the taxpayer could appeal to an appropriate court, subject to a similar three-month (90-day) limitation. With regard to the necessity of petitioning for a refund within three years of payment, Judge Sullivan opined:

"The legislature may make the very existence of the right of recovery dependent upon the petition for refund being made within three years of the date the taxes are paid. A statute of limitations does not create or extinguish a right. It only places limitations upon a remedy which may be tolled or waived. The limitation in the instant case, however, is a condition essential to the existence of the right and cannot be tolled or waived."

157 Ind.App. at 519–520, 301 N.E.2d at 216. He further stated:

"We hold that the three year time provision . . . is a condition precedent to the right to a tax refund whether brought as a petition with the Department or as a civil suit in court.

\* \* \* \* \* \*

*All* of these requirements must be met before a Court may entertain a civil action. Where the Legislature has by statute created a right, afforded a remedy and prescribed a procedure to be followed in connection with the remedy, that procedure must be strictly followed. *State ex rel. Young Metal Products, Inc. v.*

*Lake Superior Court Room 5,* (1970), 254 Ind. 285, 258 N.E.2d 853."

157 Ind.App. at 524, 301 N.E.2d at 218–19.

■ We read the above authority to mean that the filing of a petition for rehearing, or the filing of a petition for refund and appealing the same to the court within the time fixed by the statutes, is jurisdictional—a precondition to or the essence of the right itself—and after the passage of the time allotted by statute the right itself is lost, the court does not have jurisdiction to hear it, and jurisdiction cannot be conferred, even by agreement.

> "In the absence of statutory provisions extending its jurisdiction a court may entertain a counterclaim, set-off, or reconvention only where it would have jurisdiction to entertain the claim originally; and the cross demand must be within the jurisdiction of the court as to subject matter and territorial limitations."

80 C.J.S. *Set-Off and Counterclaim* § 12 (1953).[11]

■ The Estate argues that once the Department filed its petition for revaluation of estate assets to conform to federal estate tax valuations, it conferred upon the Estate an equal right to relitigate the exemption not theretofore taken or claimed by the Estate. We disagree. The vehicle chosen by the Estate is T.R. 13(J). We do not read T.R. 13(J) to confer jurisdiction of the subject matter where it did not exist. The State's right to file a petition for redetermination of valuations only at this stage of the proceeding and the jurisdictional basis for the court to hear the petition is found in IC 6–4.1–7–6(b). That statute does not confer a correlative right upon the Estate to relitigate the legality of exemptions though it could relitigate appraisals. In our opinion, the Estate's right to a refund based upon a charitable exemption ceased to exist on January 8, 1979.

11. Furthermore, the *scope* of review was governed by IC 6–4.1–7–6, under which the Department petitioned, as follows:

> "An inheritance tax redetermination which is made under this section is limited to modification based on the change in the fair market

The judgment is reversed and the cause remanded to the probate court for further proceedings not inconsistent with this decision.

Reversed.

ROBERTSON, P. J., and RATLIFF, J., concur.

value of the *assets* of the decedent's estate." (Emphasis added.)

Changes in the nature of property interests transferred and additional exemptions claimed should not have been considered in the redetermination.