IN RE THE ESTATE OF CHARLES R. HOGG, DECEASED, MARTHA A. GAHMAN, ADMINISTRATRIX.

[No. 871A168. Filed December 31, 1971. Rehearing denied February 4, 1972.]

*Theodore L. Sendak,* Attorney General, *Stephen D. Clase,* Deputy Attorney General, for appellant.

*John H. Edris, Edris, Edris and Dale,* of Bluffton, for appellee.

BUCHANAN, J.—*STATEMENT OF THE CASE AND FACTS*—This is an appeal by the State of Indiana (the State), on behalf of the Indiana Department of State Revenue, Inheritance Tax division, from a judgment sustaining a Motion by Martha A. Gahman (the Administratrix) To Strike the State's Petition For Redetermination Of Inheritance And Transfer Taxes.

On October 21, 1970, the Administratrix of the Estate of Charles R. Hogg (the Deceased) filed in the Wells Circuit

Court, Wells County, Indiana, a Schedule of All Property
and Affidavit of Executor or Administrator, Trustees or Heirs
for Inheritance Tax Appraisement (the Schedule), which
included a schedule B-3 listing of property held in joint
tenancy between the deceased and his wife. Listed in sched-
ule B-3-Joint Tenancies—was a group of 17 United States
Series H Savings Bonds (the Bonds) inscribed Elda I. Hogg
or Charles R. Hogg, and valued at $1,000.00 apiece. Immedi-
ately following the listing of the Bonds, the Administratrix
parenthetically noted that the entire consideration for their
purchase was furnished by Elda I. Hogg, the surviving joint
tenant (spouse). They were *not* included as part of the com-
putation of the tax by the Administratrix on the Schedule.
Another group of 29 Series H Bonds with a total value of
$27,000.00 were also listed in schedule B-3 and they were
included in the tax computation on the Schedule.

In his report, the County Assessor in his capacity as in-
heritance tax appraiser, found that schedule B-3 of the
inheritance tax schedule as filed by the Administratrix was
correct.

On October 28, 1970, the Trial Court signed and filed the
inheritance tax decree, in which the value of the estate as set
forth in the Schedule was found to be consistent with the
report of the County Assessor, i.e., the value of the Bonds
was omitted in the computation of inheritance tax. The
Court then declared that the total tax due was $1,168.07.
The tax was subsequently paid to the Treasurer of Wells
County, Indiana, on November 2, 1970.

On March 16, 1971, approximately four and one-half months
after the decree of the Court, the State filed its Petition For
Redetermination Of Inheritance And Transfer Taxes. The
State based its Petition on the allegation that the Bonds were
erroneously omitted from the original appraisal of the estate
and determination of the inheritance tax due without proof
that the consideration was furnished by the surviving joint
tenant (spouse). Subsequently, the Administratrix filed a

Motion to Strike the Petition of the State, alleging that more than 90 days from the final determination of the tax by the Court had elapsed. Therefore the Petition For Redetermination was not timely filed pursuant to Ind. Ann. Stat., § 7-2411 (Burns' 1953) infra. The Trial Court sustained the Administratrix's Petition to Strike and this appeal followed. There is no showing that the State failed to receive notice of the various steps involved in the appraisement of property and determination of inheritance tax or that the statutory procedure was not followed.

*ISSUE*—Whether the State's Petition For Redetermination Of Inheritance And Transfer Taxes filed four and one-half months after the entry of judgment determining the tax (omitting the value of the Bonds) was timely filed.

The State's position is their Petition was timely filed and that the Trial Court applied the time limitation of the wrong statute, i.e., § 7-2411 (90-day limitation on rehearing). It asserts that § 7-2411 applies to a rehearing only when an interested party is dissatisfied with the technical computation of the tax and its purpose is to allow questioning of the appraisement or determination of the tax based on the original records and proceedings. As their complaint is that the Bonds were "erroneously omitted" from the determination of the tax due, the applicable section is Ind. Ann. Stat., § 7-2412a (Burns' 1971) which allows two years after the entry of the judgment in which to Petition For Redetermination.

The Administratrix argues that § 7-2412a applies only when a petitioner seeks a reappraisal of property on the basis that the value of the property shown on the Schedule does not reflect a fair market value. As the State does not seek a reappraisal of the value of the Bonds but only seeks to include them in determination of the tax because they were erroneously omitted, the applicable section is § 7-2411, which required a Petition For Redetermination to be filed within ninety days.

*DECISION*—It is our opinion that § 7-2411 (hereinafter referred to as the 90-day Section) embraces omitted property and therefore the State's Petition For Redetermination Of Inheritance Taxes was properly struck by the Trial Court.

As there is a dearth of Indiana authority on this subject, we must closely examine the statutes governing the imposition of Indiana inheritance tax upon transfers by decedents.

Applicable sections to the precise question before us appear to be:

§ 7-2401.  INHERITANCE AND TRANSFERS TAXED.
"A tax is hereby imposed, under the conditions and subject to the exemptions and limitations hereinafter described, upon all transfers, in trust or otherwise, of the following property, or any interest therein or income therefrom: . . .

Whenever property is held in the joint names of two [2] or more persons . . . and payable to either or the survivor, upon the death of one [1] of such persons, the exercise of the right of the surviving person . . . to the immediate ownership or possession and enjoyment of such property shall be deemed a transfer taxable under the provisions of this act in the same manner as though the whole property . . . belonged absolutely to the deceased joint owner . . . *excepting therefrom such part thereof as may be proved by the surviving joint owner . . . to have originally belonged to him . . . and never to have belonged to the decedent . . .*" (Emphasis supplied.)

This section defines the transfers to be taxed and specifically excepts therefrom jointly held property if the survivor can prove original ownership of all or part of the property. In such event the property is not taxable by the provisions of this section. No burden is specifically placed on the taxpayer to prove excepted property. Presumably he must do so if and when he is challenged.

§ 7-2407.  FILING SCHEDULE—DUTIES OF FIDUCIARIES — PENALTY FOR VIOLATION — APPRAISER—APPRAISAL COSTS. "*All executors* . . . of any estate of a resident decedent, *shall* within twelve [12] months after the date of decedent's death, *file with the*

*court, . . . a complete and detailed schedule upon forms prescribed by the state board of tax commissioners,* of *all property taxable under the provisions of this act,* together with an itemized schedule of indebtedness . . . said schedule *shall* also *set out . . . the fair market value of each* and every *item of property* at the time of decedent's death . . .

The court shall, after such completed schedule has been filed, examine same and refer such schedule to the county assessor for verification of the statement contained therein, and if . . . such schedule is found to be incomplete, the court shall order same to be promptly revised, completed and refiled." (Emphasis supplied.)

The Administratrix filed "a complete and detailed schedule . . . of all property taxable" and otherwise complied with this section. She listed and valued the Bonds in schedule B-3, titled Joint Tenancies, with the note that the entire consideration for these bonds was furnished by the surviving joint tenant, and therefore not to be considered part of "the property taxable." As a result of this listing notice was given by the Administratrix that the Bonds were claimed as an exception under § 7-2401, *supra,* and this claim then became a part of the "records, proceedings, and proofs" for determination of the tax in "the original hearing" referred to in the 90-day Section.

§ 7-2408. DETERMINATION OF TAX — COUNTY ASSESSOR — APPRAISEMENT — DEPUTIES AND EMPLOYEES — SALARIES — EXPENSES. "The court shall within ten [10] days after the filing of said schedule, refer it to *the county assessor who shall examine the schedule for inaccuracies and omissions and appraise all property* the transfer of which is subject to taxation under the provisions of this act at its fair market value as of the date of transfer and make diligent inquiry and investigation into any and all facts concerning the fair market value of such property and all transfers of property subject to taxation under this act made by the decedent prior to his death. *If after examination by the county assessor and the court such schedule is found to be incomplete,* the court shall order same to be promptly revised, completed and refiled . . .

The county assessor, by virtue of his office, shall be the inheritance tax appraiser . . . (Emphasis supplied.)

The substance of this section is that the County Assessor as the inheritance tax appraiser is required to examine the Schedule for inaccuracies and omissions and appraise the property for later submission to the court. At this stage, inaccuracies and omissions are brought to light and become part of the Assessor's report to the court having probate jurisdiction.

§ 7-2409. NOTICE OF APPRAISAL — APPRAISEMENT. "Every *appraiser shall forthwith give notice* by mail to all persons known to have a claim or interest in the property to be appraised, *including the state board of tax commissioners . . . of the time and place when he will appraise such property.* He shall, at such time and place, appraise the same at its true market value, as herein prescribed . . . *and he shall make report thereof* and of such value in writing, *to the court* together with the depositions of the witnesses examined, and such other facts in relation to the matter as the court may order and require. *The court shall certify the amount of tax in a court order . . ."* (Emphasis supplied.)

By this section, the State Board of Tax Commissioners (the State Board) is given notice as to when and where the County Assessor, acting in his capacity as the inheritance tax appraiser, will appraise the property. He is required to make diligent inquiry and investigation into any and all the facts concerning the fair market value of the property subject to taxation under the Act. Now the State Board is given an opportunity to be present when the Assessor appraises the property listed in the Schedule. This Board *is,* therefore, involved in the tax determining process prior to the time the Assessor reports to the Court.

§ 7-2410. REPORT OF APPRAISER — NOTICE AND HEARING — SPECIAL GUARDIAN FOR MINOR. *"The report of the appraiser shall be made in duplicate, one of which duplicates shall be filed in the court and the other in the office of the state board of tax commissioners.* Upon filing such report in the court, the *court shall forthwith give*

twenty [20] *days' notice* by mail to all persons known to be interested in the estate, *including the state board of tax commissioners, of the time and place for the hearing in the matter of such report,* and the court, from such report, shall forthwith, at the time so fixed, determine the cash value of such estate and the amount of tax to which the same is liable.

*The court shall* immediately *mail a copy of the determination* by it, as to the value of any resident decedent's estate which is taxable under this act, and of the amount of tax to which it is liable, to all parties known to be interested thereing, *including the state board of tax commissioners* and also to the county treasurer . . ." (Emphasis supplied.)

The plot thickens as the State Board receives a duplicate of the report of the appraiser and gets twenty [20] days notice of the time and place for the hearing on this report by the Court. At the hearing, the Court determines the cash value of the estate and the amount of the tax to which the estate is liable. If the State Board chooses not to appear and object or state its position at either the time the Assessor makes up the appraisal or when the Court hears and determines the amount of tax, it then gets a copy of the tax determination as finally determined by the Court.

Presumably, at each stage of the proceeding in which the tax is being determined the State Board may have a representative present to question the manner or method of valuation or determination of the tax, including omitted property.

§ 7-2411. REHEARING. *"The state board of tax commissioners or any person dissatisfied with the appraisement or determination of such tax, may apply for a rehearing thereof,* before the court, *within ninety [90] days* from the determination of the tax by the court, as herein provided, on filing a written petition, which shall state grounds for the rehearing. *The rehearing shall be determined upon the records, proceedings, and proofs* had and *taken on the original hearing;* Provided, That the court may, if deemed advisable, hear additional evidence." (Emphasis supplied.)
(herein referred to as the 90-day section)

Again the State Board emerges as the hero of these sections of tax legislation. Now it has 90 days after final determination of the tax by the Court to apply for a rehearing.

The 90-day section uses the words, "the appraisement or determination of such tax." We construe "determination" to mean consideration by the Court of *any factor* relating to the manner in which the amount of the tax is ultimately computed—including omitted property. It is not to be narrowly interpreted as limiting the rehearing to "technical computation of the tax due" as the State would have us believe. It does not say that it uses the words "appraisement or determination of such tax"—the broadest language possible in the context of levying a tax.

The last sentence stating that the redetermination shall be upon the "records, proceedings and proofs taken in the original hearing" does not have a limiting effect in the factual situation before us. This is true because in these proceedings the claim of the Administratrix became a part of the Assessor's report.

As we view it, the purpose of the 90-day section is to allow taxing authorities an additional opportunity to raise *any* question relating to the appraisement or determination of the tax prior to the closing of the estate.

§ 7-2412a. PETITION FOR REAPPRAISAL—REDETERMINATION OF TAX. *"Within one [1] year after the entry of any order* or decree of the court, *determining the value of an estate* and the tax due thereon, *the state board of tax commissioners* or any dissatisfied person may, *if they believe that the valuation of the property and assets of a decedent's estate, as valued by the appraiser and approved by the court, does not reflect a fair market value, or within two [2] years* after the entry of said order or decree in *cases in which the tax determination has been fraudulently, collusively or erroneously made, petition the court* originally determining the tax *for a reappraisal thereof. The court,* upon the filing of said petition *may thereupon appoint a competent person to reappraise said estate. Such appraiser* shall possess the power, be subject to the duties, shall give the notice, and receive for his services an amount fixed by

the court subject to the approval of the Indiana department of state revenue. Such compensation shall be payable by the county treasurer out of any funds he may have on hand upon the certificate of the judge appointing him. The report of such appraiser shall be filed in the court for which he was appointed, and thereafter the same proceedings shall be taken, and had by and before such court, as herein provided to be taken, and had by and before the court at the original determination of the tax. *The redetermination of the tax by such court shall supersede* the determination of the court, on *the first appraisal,* and a copy thereof shall be forwarded to the state board of tax commissioners and a copy thereof filed with the clerk of the court, and with the county treasurer." (Emphasis supplied)

The important words in this section as we construe it are, "determining the *value* of an estate" . . . "if they believe that the *valuation* of the property" . . . "does not reflect a *fair market value*" . . . "petition the court . . . for a *reappraisal* thereof" . . . "The court . . . may thereupon appoint a competent person to *reappraise* said estate. . . ."

In view of the procedure created by previous sections to protect the interests of the State in appraising property and determining inheritance tax and the particular verbiage of § 7-2412a indicating that a redetermination of the tax is limited solely to the issue of *valuation of the property* or assets of the estate, we must conclude that a "reappraisal" is not permissible by the State Board or any other dissatisfied person as to so-called "omitted property" or excepted property. There is no question the Bonds were listed only as excepted property and not taxable under § 7-2401.

The 90-day section and § 7-2412a are not models of the draftsman's art. However, as we must construe them in pari materia and give meaning to each if possible, we can only conclude that the breadth of the rehearing provision of the 90-day section allowing *any* question relating to the appraisement or determination of the tax to be heard, cannot also apply to § 7-2412a. The latter section is a "reappraisal" statute only. Its purpose seems to be to allow the State Board to again

assert its views of fair market value as to the property and assets of the estate shown by the Schedule as being taxable and to further allow heirs, devisees, legatees and creditors to do the same. In allowing this remedy, the closing of a decedent's estate may be postponed because of the one and two year provisions of this section.

The State maintains that the presence of the word "erroneously" in that part of § 7-2412a, providing for a reappraisal after two years means that omitted property or any other question relating or pertaining to the determination of tax may be raised by the State Board. But, § 7-2412a does not use the words, "determination of such tax" as is true in the 90-day section. § 7-2412a uses language of valuation and refers to the property "as valued by the appraiser and approved by the court" as being the assets to be reappraised. Any omitted property was not valued by the appraiser and approved by the court; it is not a part of the revaluation procedure contemplated by § 7-2412a. Thus, the intent of § 7-2412a, is for a reappraisal of listed assets. The entire thrust of this section is to be certain that any valuation of assets reflect a fair market value and a last resort is given, for this purpose and this purpose only. Further, the phrase "redetermination of the tax" used in this section must be read in context to mean redetermination based on revaluation resulting from reappraisal of property previously appraised.

Another reason for our construction of § 7-2412a, is that it is the public policy of this State to encourage the closing of estates at the earliest possible time.[1] The court having probate jurisdiction should as soon as reasonably convenient, enter its final decree approving the personal representative's final report which of necessity must take into account inheritance tax due the State of Indiana. To construe § 7-2412a as permitting the State Board to raise

1. See Probate Commission Comment #3 following Ind. Ann. Stat. § 7-117 (Burns 1953). Comparison of § 7-117 with prior law under Ind. Ann. Stat. § 7-504 (Burns 1933) displays this intent in that the time limitation for contesting a will was shortened from 1 year to 6 months.

any question relating to the appraisal and *all* aspects of tax determination as allowed by the 90-day section could often defeat the early closing of estates. If within a one or two year period after the court order determining the amount of tax, the State Board may attack such order, the closing of estates may well be delayed. Personal representatives are unlikely to distribute assets and residual shares to heirs, devisees and legatees with this kind of tax uncertainty extant. It also might be argued that if a final decree is entered closing an estate and approving the final report of a personal representative, the State Board could open up all questions relating to the determination of a tax including omitted property, and thereby collaterally attack the final decree without taking an appeal therefrom.

The only State agency given the authority to contest this type of proceeding under § 7-2401 *et seq.*, is the State Board of Tax Commissioners. For this purpose, we conclude the State Board *is* the State. It is true the Department of State Revenue may substitute itself for the State Board if it is "administratively practical" (Ind. Ann. Stat. § 64-2504 (Burns' 1961)) to do so. Whether it has done so here or not is of no moment as we construe § 7-2401 *et seq.*, as limiting all agencies of the State of Indiana to one action. Thus, we have used the terms "the State" and "the State Board of Tax Commissioners" interchangeably.

It appears to us that the interest of the State in collecting the proper amount of inheritance tax is amply protected by §§ 7-2409, 7-2410 and 7-2411, and that the additional protection of § 7-2412a relating to reappraisal of estate assets previously valued is an anchor to windward for limited use only.

To mix metaphors, the Legislature in orchestrating the part of the State Board into the final production of inheritance tax has allowed it to blow its horn frequently and with fortissimo. The encore must end with only a limited toot under § 7-2412a.

The decision of the trial court is hereby affirmed.

Sullivan, P. J., Lowdermilk and Robertson, JJ., concur.

NOTE.—Reported in 276 N. E. 2d 898.