IN THE MATTER OF THE ESTATE AND LAST WILL AND TESTAMENT OF FRANK T. HIBBELN, DECEASED; DIANA HIBBELN, EXECUTRIX.

[No. 1-273A38. Filed August 29, 1973.]

*Theodore L. Sendak,* Attorney General, *Anthony J. Metz, III,* Deputy Attorney General, for appellant.

*Ice Miller Donadio & Ryan,* of Indianapolis, *Himelick, Himelick & Smith,* of Connersville, for appellee.

LOWDERMILK, J.—Diana Hibbeln qualified as Executrix of the estate of Frank T. Hibbeln, deceased, and Letters Testamentary were duly issued to her on February 14, 1966.

The Executrix routinely filed the necessary papers in the conduct of the estate's business, including the affidavit and schedule for determination of inheritance tax, which was referred to and acted upon by the County Assessor, acting as inheritance tax appraiser, and who filed his report with

the court. The court did, on December 23, 1966, enter its order determining the inheritance tax on the estate.

Thereafter the Executrix filed her final report and petition for distribution; distribution was ordered and a supplemental report was ordered filed.

The Executrix filed her supplemental report of distribution on September 25, 1967, which was approved and the estate declared fully administered and closed and the Executrix and bondsman were released.

Thereafter, on December 15, 1967, the State of Indiana filed its petition for rehearing, reappraisement and redetermination of inheritance and transfer tax, which was heard by the court ten months later. Argument was had on said motion on September 20, 1971. After hearing argument the court, on December 20, 1971, ordered a redetermination of the amount of inheritance tax due and on May 30, 1972, the Executrix filed her petition to reconsider the court's ruling on the redetermination of inheritance tax, which petition was heard by the court, with the court entering judgment thereon on August 3, 1972, which judgment is in the words and figures as follows, to-wit:

"The Appellate Court of the State of Indiana having decided that omitted property cannot be the subject of redetermination of inheritance tax unless a rehearing is applied for within ninety (90) days from the determination of the tax by the Court, and the petition for rehearing in the estate having been filed almost one (1) year after determination by the Court, and no change in situation and position of the interested parties having occurred as a result of the Court's order for redetermination, and the above decision being retroactive to date of enactment of the law unless substantial property rights are involved (which are not involved in this case), the Court finds that the estate's Petition to Reconsider should be sustained and the error corrected without being bound up in the letter of the rules while losing sight of their spirit; that refusal to take such action is inconsistent with substantial justice. It is, therefore, ordered by the Court that the order for redetermination dated December 20, 1971, be and the

same is set aside and rescinded as an error and that the Petition for Rehearing, Reappraisement and Reconsideration of Inheritance and Transfer Bax (sic) be and the same is denied."

The State timely filed its motion to correct errors, which was overruled by the court, and this appeal perfected.

The sole issue presented for review here is—Did the trial court err in sustaining the estate's petition to reconsider and set aside its prior judgment of December 20, 1971?

The State contended in its brief and in oral argument that appellee's proper procedure in this case would have been to file a motion to correct errors. (Rule TR. 59 and Rule AP. 2, each of which requires that the motion to correct errors shall be filed not later than 60 days after the entry of judgment.)

The State argues that having failed to file a motion to correct errors within the proper time limit, appellee had no standing and the court had no jurisdiction to review the judgment of December 20, 1971. The State of Indiana further contends that the estate cannot get relief under Burns § 6-121 or under Rule TR. 52.

In oral argument the State further contended that the judgment of December 20, 1971, should be reinstated and the court's judgment of August 3, 1972, should have been stricken down.

The December 20, 1971 judgment of the court came under question as the result of a well reasoned and sound opinion handed down on December 31, 1971, in which Judge Buchanan of this court, in the case of *In Re Estate of Hogg* (1971), 150 Ind. App. 650, 276 N.E.2d 898, in construing Burns Ann. Stat. § 7-2411, held that the State must file a petition for rehearing and redetermination of inheritance tax within 90 days of the date of the order determining the value of the estate and the amount of tax to be paid thereon. Judge Buchanan construed the statute and such construc-

tion is necessarily retroactive to the date said statute was enacted. As stated above, the State, in the case at bar, did not file a petition for rehearing until almost a year after the order determining the value of the estate and the amount of tax and was, therefore, not timely filed.

The petition to redetermine inheritance tax not being timely filed, the Fayette Circuit Court did not have jurisdiction of the subject matter of the case at bar.

In the case of *Ballman* v. *Duffecy* (1952), 230 Ind. 220, 229, 102 N.E.2d 646, our Supreme Court said:

> "This court has heretofore said that a court in acquiring jurisdiction must not only have jurisdiction of the parties and the general subject of the controversy respect-ting real property, but must have jurisdiction of the subject matter of the particular case. [Cases cited omitted.] *A failure to comply with the statute is jurisdictional, and therefore the trial court did not have jurisdiction of the parties of the particular case. The court has inherent power to order a dismissal of an action of which it has no jurisdiction. Miedreich* v. *Rank et al.* (1907), 40 Ind. App. 393, 82 N.E. 117. *The motion to dismiss was proper."* (Our emphasis.)

See, also, *Molton et al.* v. *Bd. of Zon. App. of Ham. et al.* (1963), 136 Ind. App. 607, 190 N.E.2d 199; *Noblitt et al.* v. *Met. Plan Comm. etc. et al.* (1963), 136 Ind. App. 625, 190 N.E.2d 665.

Our Supreme Court, in the case of *State ex rel. Pollard* v. *Superior Court of Marion County* (1954), 233 Ind. 667, 122 N.E.2d 612, stated:

> ". . . A departure from the limits and terms of jurisdiction is usurpation of power that imparts no validity whatever to its judgments and decrees. Works, § 10, p. 28, and authorities cited. Hence, we have the generally accepted rule that, when a court proceeds without jurisdiction of the sub-ject-matter, its judgment is wholly void; . . ."

See, also, *Steiner* v. *Ft. Wayne Community Schools* (1964), 245 Ind. 410, 199 N.E.2d 340.

The Indiana Rules of Procedure, Rule TR. 60 (b) (6) provides:

> "On motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment, order, default or proceeding for the following reasons: . . .
> (6) the judgment is void;"

Having heretofore determined that the December 20, 1971 judgment is void, the trial judge correctly set said judgment aside, pursuant to Rule TR. 60 (b) (6), *supra*. See, also, Harvey 4 Ind. Practice, p. 215, Discussion of TR. 60 (b) (6).

The State contended that appellee-estate could have properly filed a motion to correct errors and preserved its question and the trial judge could have corrected his error and there would have been no reason for an appeal. We must agree that this argument is tenable, but as the appellee-estate elected to follow a different remedy as has been done and which we have decided herein is also a proper method of procedure, it is not for one advocate to choose the procedure for his adversary to follow and neither is it for this court to say which is the better procedure, but it is for this court to pass on the procedure followed by the parties.

Judgment affirmed.

Robertson, P.J. and Lybrook, J., concur.

NOTE.—Reported at 300 N.E.2d 384.