**In re the ESTATE of Nancy COFFMAN, Deceased, Cleda Sutton Craig, Norma Lee Kruse and Vernice Kruse, Co-Executors.**

No. 1–1278A369.

Court of Appeals of Indiana,
First District.

July 17, 1979.

Theodore L. Sendak, Atty. Gen., Wallace T. Gray, Deputy Atty. Gen., Indianapolis, for appellant.

Val J. Fleig, Rauch & Fleig Law Firm, Petersburg, for appellees.

LOWDERMILK, Presiding Judge.

### STATEMENT OF THE CASE

The Indiana Department of State Revenue, Inheritance Tax Division, petitioned the Pike Circuit Court for a redetermination of the inheritance tax on the real property in the estate of Nancy Coffman. The Pike Circuit Court dismissed the petition upon the motion of the co-executors on the ground that the court lacked subject matter jurisdiction. The Department now appeals that dismissal.

We reverse and remand.

### FACTS

Nancy Coffman died testate on October 28, 1975. Cleda Sutton Craig, Norma Lee Kruse, and Vernice Kruse were appointed co-executors. On July 27, 1976, the Pike Circuit Court entered an order determining the value of the estate and the amount of

3. See also *State v. Palmer*, (1979) Ind., 386 N.E.2d 946.

inheritance tax. The court found, *inter alia,* that the fair market value of the real property in the estate was $139,622.00 and that the total inheritance tax owed on all property was $19,977.13.

The co-executors paid the inheritance tax owed, less a 5% credit, and the Treasurer of Pike County issued a receipt showing payment in full on July 27, 1976. The Inheritance Tax Administrator of the Department of State Revenue (Department) countersigned the receipt on September 2, 1976.

Upon reviewing the final federal estate tax determination,[1] the Department discovered that the real property in the estate had a fair market value which was $144,828.00 greater than the value determined by the Pike Circuit Court. On May 4, 1978, the Department petitioned the Pike Circuit Court for a redetermination of the inheritance tax pursuant to Ind.Code 6–4.1–7–6(b). The co-executors moved, *inter alia,* to dismiss the petition for lack of subject matter jurisdiction. On July 12, 1978, the court granted the motion and dismissed the petition. In its order dismissing the Department's petition, the Pike Circuit Court concluded that the receipt issued by the Pike County Treasurer and countersigned by the Inheritance Tax Administrator was not a "provisional receipt" under Ind.Code 6–4.1–7–6(a). The court also found that the Department's petition was not filed within either the ninety-day[2] or the one-year[3] statutory time limit, as measured from the

July 27, 1976, determination of inheritance tax.

## ISSUE

Whether or not the Pike Circuit Court erred in dismissing the State Department of Revenue's petition for redetermination of inheritance tax on the ground that the court lacked subject matter jurisdiction under IC 6–4.1–7–6.

## DISCUSSION AND DECISION

The key statutory provision in this case, IC 6–4.1–7–6, reads as follows:

"6–4.1–7–6  Probate court determination of tax due as provisional estimate; redetermination resulting from federal estate tax valuation

Sec. 6. (a) The department of state revenue may accept a probate court's determination of the inheritance tax due as a result of a decedent's death as a provisional estimate of the inheritance tax imposed.

(b) If the final determination of federal estate tax shows a change in the fair market value of the assets of a decedent's estate, the department of state revenue may petition, or cause other persons to petition, the probate court which has jurisdiction for a redetermination of the inheritance tax imposed as a result of the decedent's death. The petition must be filed within thirty [30] days after a copy

---

1. Ind.Code 6–4.1–4–8(2) requires the personal representative to file a copy of the final determination of federal estate tax with the Department within thirty days after it is received.

2. Ind.Code 6–4.1–7–1 provides as follows:
   "6–4.1–7–1 Rehearing
   Sec. 1. A person who is dissatisfied with an inheritance tax determination made by a probate court with respect to a resident decedent's estate may obtain a rehearing on the determination. To obtain the rehearing, the person must file a petition for rehearing with the probate court within ninety [90] days after the determination is made. In the petition, the person must state the grounds for the rehearing. The probate court shall base the rehearing on evidence presented at the original hearing plus any additional evidence which the court elects to hear. . . ."

3. Ind.Code 6–4.1–7–2 provides as follows:
   "6–4.1–7–2 Reappraisal; petition; time of filing
   Sec. 2. A person who is dissatisfied with an appraisal approved by a probate court with respect to a resident decedent's estate may obtain a reappraisal of the property interest involved. To obtain the reappraisal, the person must file a petition for reappraisal with the probate court within one [1] year after the court enters an order determining the inheritance tax due as a result of the decedent's death. However, if the original appraisal is fraudulently or erroneously made, the person may file the reappraisal petition within two [2] years after the court enters the order. . . ."

of the final determination of federal estate tax is filed with the department as required by IC 6–4.1–4–8. An inheritance tax redetermination which is made under this section is limited to modifications based on the change in the fair market value of the assets of the decedent's estate. . . ."

The Department argues that it was not required by IC 6–4.1–7–6(a) to treat the determination of inheritance tax as a provisional estimate and to refrain from countersigning a receipt for full payment of the inheritance tax in order to petition for a redetermination of the tax under IC 6–4.1–7–6(b). The Department asserts that the Pike Circuit Court found without dispute that the Department had filed its petition within thirty days of its receipt of a copy of the final determination of federal estate tax, as required by IC 6–4.1–7–6(b). Finally, the Department maintains that there is no ambiguity in IC 6–4.1–7–6 and that, consequently, there is no need to construe the statute in favor of the taxpayer, as required by *In re Estate of Cassner,* (1975) 163 Ind.App. 588, 325 N.E.2d 487.

The co-executors contend that the Department must treat the court's determination of inheritance tax due as a provisional estimate under IC 6–4.1–7–6(a), rather than countersigning a receipt for payment in full, if it wishes to preserve its right to seek a redetermination of inheritance tax under IC 6–4.1–7–6(b) after the expiration of the ninety-day time limit of IC 6–4.1–7–1 or the one-year time limit of IC 6–4.1–7–2. They maintain that we held in *In re Estate of Hogg,* (1971) 150 Ind.App. 650, 276 N.E.2d 898, and *In re Estate and Will of Hibbeln,* (1973) 157 Ind.App. 422, 300 N.E.2d 384, that time limits of statutes such as those cited here are jurisdictional and that a trial court will not have subject matter jurisdiction over the Department's petition for redetermination of inheritance tax if it is filed after the time limit has expired. The co-executors point to Ind.Code 6–4.1–9–13 (Supp.1978), which provides that the personal representative cannot receive approval of his final accounting or be discharged from his liability for inheritance tax unless a receipt signed and sealed by the Department is attached to the final report. They argue that *Estate of Hogg, supra,* establishes that it is the public policy of Indiana to encourage the closing of estates at the earliest possible time. The co-executors remind us that *Estate of Cassner, supra,* and *Inheritance Tax Division v. Alexander's Estate,* (1953) 232 Ind. 661, 115 N.E.2d 747, say that in case of doubt, an inheritance tax statute must be construed against the State and in favor of the taxpayer.

■■ We are not persuaded that IC 6–4.1–7–6(a) is a prerequisite for the Department's petition for redetermination under IC 6–4.1–7–6(b). Neither subsection (a) nor subsection (b) refers to the other expressly or to the subject matter of the other. The only apparent relationship between the two subsections is that each authorizes the Department to take some kind of action regarding the probate court's determination of inheritance tax. We do not find any ambiguity in IC 6–4.1–7–6. While it is true that we will construe inheritance tax statutes in favor of the taxpayer, *Estate of Cassner, supra,* we must not resort to construction where the meaning of a statute is plain and unambiguous, *State v. Turner,* (1979) Ind.App., 386 N.E.2d 208. Thus, we are not compelled to construe IC 6–4.1–7–6 in favor of the co-executors. As far as the public policy favoring early closing of estates is concerned, we have determined that if we held that IC 6–4.1–7–6(a) and (b) operated as the co-executors urge, many estates would not be closed until *later* than they otherwise would be: the Department would be encouraged to treat the determination of inheritance tax due as merely a provisional estimate in many instances, just in case the final federal estate tax determination later showed a higher fair market value for the assets in the estate. We hold that the Pike Circuit Court did have jurisdiction over the petition for redetermination under IC 6–4.1–7–6.

We reverse the Pike Circuit Court's dismissal of the Department's petition for redetermination of inheritance tax and re-

mand for a full consideration of that petition.

LYBROOK and ROBERTSON, JJ., concur.