In the Matter of the ESTATE of Fred C. ADAMSON, Deceased.

STATE of Indiana, DEPARTMENT OF STATE REVENUE, INHERITANCE TAX DIVISION, Petitioner-Appellant,

v.

ESTATE of Fred C. ADAMSON, Deceased, Helen Marie Crum and James Howard Adamson, Co-Executors, Respondents-Appellees.

No. 1–1179A308.

Court of Appeals of Indiana, First District.

May 1, 1980.

Rehearing Denied June 2, 1980.

Theodore L. Sendak, Atty. Gen., Alembert W. Brayton, Deputy Atty. Gen., Indianapolis, for petitioner-appellant.

Warren Buchanan, Buchanan & Buchanan, Rockville, for respondents-appellees.

RATLIFF, Judge.

## STATEMENT OF THE CASE

The State of Indiana (the State), on behalf of the Indiana Department of State Revenue, Inheritance Tax Division, brings this appeal after the Parke Circuit Court granted a motion to strike the State's petition for redetermination of the inheritance tax due in the estate of Fred C. Adamson, deceased (the estate).

We reverse and remand.

## FACTS

Fred C. Adamson died on July 18, 1976. On March 30, 1977, three events occurred in the estate proceeding: (1) the personal representatives filed a Schedule of All Property listing the fair market value of Adamson's assets at the time of his death as $136,028.57; (2) the county assessor filed his itemized report listing the value of Adamson's assets as $136,028.57; and (3) the Parke Circuit Court entered its order showing a total value of $136,028.57 and inheritance tax due in the amount of $2,460.86. The inheritance tax was paid the following day, and the Inheritance Tax Division countersigned the receipt on July 8, 1977.

By letter dated June 14, 1978, the Inheritance Tax Division notified the attorney representing the estate that the Inheritance Tax Division had received copies of the federal estate tax return line adjustments indicating that additional assets valued at $298,761.28 should have been included in the Schedule of All Property which had been filed on March 30, 1977.

On October 16, 1978, the personal representatives filed with the Indiana Department of State Revenue a copy of the final determination of federal estate tax. The State filed its petition for redetermination of inheritance tax within thirty days thereafter, but the probate court granted the estate's motion to strike the State's petition.

## ISSUES

The probate court did not express its reason for granting the motion to strike.

Therefore, we will consider each issue which was presented in the motion to strike.

1. Did the execution of the counter-signed receipt by the Inheritance Tax Division prevent the State from subsequently seeking a redetermination of the inheritance tax?

2. Was the State required to file its petition for redetermination of inheritance tax within thirty days of the date on which the State gained knowledge of the federal line adjustments?

3. Was the State required to file its petition for redetermination of inheritance tax, based upon omitted assets, within ninety days of the probate court's order determining the amount of inheritance tax due?

## DISCUSSION AND DECISION

*Issue One*

█ The estate contends that, because the Inheritance Tax Division countersigned the inheritance tax receipt, the State could not thereafter challenge the inheritance tax determination. This issue was carefully considered in *In re Estate of Coffman*, (1979) Ind.App., 391 N.E.2d 861, and was decided contrary to the contention of the estate.

*Issue Two*

█ The estate argues that the State was required to file its petition within thirty days of the date on which the State gained knowledge of the federal line adjustments.

IC 1971, 6–4.1–4–8(2) (Burns Code Ed., Repl.1978) imposes upon the personal representative of a decedent's estate a duty to "[f]ile a copy of the final determination of federal estate tax, whether issued by the internal revenue service or a federal court, with the department of state revenue within thirty [30] days after it is received." IC 1971, 6–4.1–7–6(b) (Burns Code Ed., Repl. 1978) [1] provides:

"(b) If the final determination of federal estate tax shows a change in the fair market value of the assets of a decedent's estate, the department of state revenue may petition, or cause other persons to petition, the probate court which has jurisdiction for a redetermination of the inheritance tax imposed as a result of the decedent's death. The petition must be filed within thirty [30] days after a copy of the final determination of federal estate tax is filed with the department as required by IC 6–4.1–4–8. An inheritance tax redetermination which is made under this section is limited to modifications based on the change in the fair market value of the assets of the decedent's estate."

The personal representatives of the estate did not file a copy of the final determination of federal estate tax until October 16, 1978. The State filed a petition for redetermination of inheritance tax within thirty days thereafter. The petition was timely.

The Inheritance Tax Division acknowledged in a letter dated June 14, 1978, sent to the attorney for the estate, that it had received a copy of the federal line adjustments indicating that additional assets valued at $298,761.28 should have been included in the Schedule of All Property. The estate contends that the State had only thirty days from June 14, 1978, to file its petition for redetermination of inheritance tax since the letter demonstrated that as of that date the State had in its possession the same information which the final determination of federal estate tax would have provided.

This argument must fail for at least two reasons. First, we are not persuaded that the proposed federal line adjustments can be equated with the federal final determination. Second, IC 6–4.1–7–6(b) specifically defines what deed shall trigger the running of the thirty-day period for the filing of a petition for redetermination. This court has neither the authority nor the de-

1. This section has subsequently been amended. IC 1971, 6–4.1–7–6 (Burns Code Ed., Repl.1978, Supp.1979).

sire to modify such a provision. Any attempt to carve exceptions would simply lead to a quagmire of case-by-case decisions as to what events might be sufficiently comparable to the filing of the federal final determination to dictate the prompt filing of a petition for redetermination. The personal representatives, as well as the State, are bound by the statutory provisions.

*Issue Three*

█ The estate cites *In re Estate of Hogg*, (1971) 150 Ind.App. 650, 276 N.E.2d 898, in arguing that the last opportunity for the State to petition for a redetermination of inheritance tax, due to omitted assets, is provided by IC 1971, 6–4.1–7–1 (Burns Code Ed., Repl.1978):

> "A person who is dissatisfied with an inheritance tax determination made by a probate court with respect to a resident decedent's estate may obtain a rehearing on the determination. To obtain the rehearing, the person must file a petition for rehearing with the probate court within ninety [90] days after the determination is made. In the petition, the person must state the grounds for the rehearing. The probate court shall base the rehearing on evidence presented at the original hearing plus any additional evidence which the court elects to hear."

In *Estate of Hogg* the State had filed a petition for redetermination four and one-half months after the court had entered its order determining the amount of inheritance tax. The State, in its petition for redetermination, sought the inclusion of certain bonds which had been excluded in the earlier determination. The Administratrix insisted that IC 6–4.1–7–1, as it existed at that time, controlled; the State argued that IC 1971, 6–4–1–12 (Burns Code Ed.) [2] allowed the State two years to seek a redetermination.

IC 6–4–1–12 specifically dealt with *reappraisal* of the assets. Judge Buchanan carefully analyzed the wording of IC 6–4–1–12 and concluded that assets which had never been appraised could not be reappraised. For this reason, among others, he concluded that IC 6–4–1–12 was not a vehicle for gaining a redetermination based upon omitted assets.

In *Estate of Hogg* this court was not dealing with IC 6–4.1–7–6(b). This section provides that "[a]n inheritance tax redetermination which is made under this section is limited to modifications based on the change in the fair market value of the assets of the decedent's estate." [3]

In Schedule A of the Schedule of All Property the personal representative is required to list the fair market value of all real estate, cash, mortgages, corporate stock, chattel property, etc. owned by the decedent at the time of his death. Schedule C consists of a recapitulation in which the personal representative is required to set forth the correct total fair market value of the decedent's assets at the time of decedent's death. The Schedule of All Property filed in this estate shows a total fair market value of $136,028.57. The assessor's report and the probate court's order mirror the Schedule of All Property. The redetermination sought by the State would reflect certain omitted assets: crops valued at $62,894.28, a tax refund of $9,618.00, and retained life estates valued at $226,249.00, for a change in the fair market value of the assets of the estate from $136,028.57 to $434,789.85.

We conclude that, notwithstanding the execution of the countersigned inheritance tax receipt, the State can properly seek an inheritance tax redetermination, based upon the omitted assets revealed by the final determination of federal estate tax, by filing its petition within thirty days of the

---

2. IC 6–4–1–12 was repealed by Acts 1976, P.L. 18, § 2. For current provision see IC 1971, 6–4.1–7–2 (Burns Code Ed., Repl.1978).

3. Although the Burns Code Edition offers a heading for IC 6–4.1–7–6, "*Redetermination of tax on basis of reappraisal,*" this heading is not a part of the section as enacted by the Legislature. Chapter 7, in general, concerns the review of inheritance tax appraisals and tax determinations. Sections 2, 3, and 4 deal with reappraisal; sections 1, 5, and 6 are not limited to reappraisal as a basis for a redetermination.

date on which the personal representatives filed the final determination of federal estate tax with the Indiana Department of State Revenue. The probate court erred in granting the estate's motion to strike the State's petition.

Reversed and remanded for further proceedings consistent with this opinion.

ROBERTSON, P. J., and NEAL, J., concur.