In the Matter of the ESTATE of Frederick Melvin WALTZ, Deceased.

No. 3–1278A326.

Court of Appeals of Indiana, Third District.

July 28, 1980.

---

Theodore L. Sendak, Atty. Gen., Wallace T. Gray, Deputy Atty. Gen., Indianapolis, for appellant.

Maxwell P. Smith and Daniel M. Graly, Parry, Krueckelberg & Smith, Professional Corp., Fort Wayne, for appellee.

GARRARD, Presiding Judge.

Frederick Waltz died testate on June 3, 1975. Under his will his brother Robert was a life beneficiary of a charitable remainder trust. In due course Indiana inheritance taxes were determined utilizing actuarial tables to value Robert's interest. However, Robert was terminally ill at the time of Frederick's death and, in fact, died eight days later on June 11, 1975.

In accord with a technical advice memorandum issued by the Internal Revenue Service, the estate subsequently petitioned for a reappraisal of Robert's interest for inheritance tax purposes. The estate contended that due to the circumstances present, Robert's life estate should be valued upon his actual life expectancy rather than the standard mortality tables.[1] The trial court granted this petition and entered appropriate orders.

The Inheritance Tax Division (the state) appeals solely upon the ground that the petition for reappraisal was barred because it was not filed within ninety (90) days after the original determination. At issue is the proper construction to be placed upon IC 6–4.1–7–1 and 2. These sections of the statute, added by the Acts of 1976, replaced those construed by this court in *In re Estate of Hogg* (1971), 150 Ind.App. 650, 276 N.E.2d 898.

The 90 day statute, IC 6–4.1–7–1, provides:

"A person who is dissatisfied with an inheritance tax determination made by a probate court with respect to a resident decedent's estate, may obtain a rehearing on the determination. To obtain the rehearing, the person must file a petition for rehearing with the probate court within ninety [90] days after the determination is made. In the petition, the person must state the grounds for the rehearing. The probate court shall base the rehearing on evidence presented at the original hearing plus any additional evidence which the court elects to hear."

There is also, however, a one year statute, IC 6–4.1–7–2, which states:

"A person who is dissatisfied with an appraisal approved by a probate court with respect to a resident decedent's estate may obtain a reappraisal of the property interest involved. To obtain the reappraisal, the person must file a petition for reappraisal with the probate court within one [1] year after the court enters an order determining the inheritance tax due as a result of the decedent's death. However, if the original appraisal is fraudulently or erroneously made, the person may file the reappraisal petition within two [2] years after the court enters the order."

The predecessor statutes [2] contained terminology permitting an interested party

1. IC 6–4.1–6–1(a) provides that life interests shall, where possible, be valued by using the rules and methods employed by the Internal Revenue Service for federal estate tax purposes. Under circumstances such as those present here, the Internal Revenue Service permits valuation upon the known facts. *Estate of Nellie H. Jennings v. Comm'r* (1948), 10 T.C. 323 acquiescence C.B. 1953–1, 5.

2. IC 6–4–1–11 (Repealed):

"The state board of tax commissioners or any person dissatisfied with the appraisement or determination of such tax, may apply for a rehearing thereof, before the court, within ninety [90] days from the determination of the tax by the court, as herein provided, on filing a written petition, which shall state grounds for the rehearing. The rehearing shall be determined upon the records, proceedings, and proofs had and taken on the original hearing: Provided, That the court may, if deemed advisable, hear additional evidence."

IC 6–4–1–12 (Repealed):

"Within one [1] year after the entry of any order or decree of the court, determining the value of an estate and the tax due thereon, the state board of tax commissioners or any dissatisfied person may, if they believe that the valuation of the property and assets of a decedent's estate, as valued by the appraiser and approved by the court, does not reflect a fair market value, or within two [2] years after the entry of said order or decree in cases in which the tax determination has been fraudulently, collusively or erroneously made, petition the court originally determining the tax for a reappraisal thereof. The court, upon the filing of said petition may thereupon appoint a competent person to reappraise said estate. Such appraiser shall possess the power, be subject to the duties, shall give the notice, and receive for his services an amount fixed by the court subject to the approval of the Indiana department of state revenue. Such compensation shall be payable by the county treasurer out of any funds he may have on hand upon the certificate of the judge appointing him. The report of such appraiser shall be filed in the court for which he was appointed, and thereafter the same proceedings shall be taken, and had by and before such court, as herein provided to be taken, and had by and before the court at the original determination of the tax. The redetermination of the tax by such court shall supersede the determination of the court, on the first

one year to petition for a redetermination where it was felt that "the valuation of the property and assets . . . does not reflect a fair market value," but only ninety (90) days to petition if they were "dissatisfied with the appraisement or determination of such tax."

In construing these former provisions Judge Buchanan noted that the word "determination" was all-inclusive and that accordingly the 90 day statute which employed it included within its purview consideration by the court of "*any factor* relating to the manner in which the amount of the tax is ultimately computed . . . ." (original emphasis).

Thus, the court determined that when the two provisions were construed together, the longer one year statute applied only to its more restrictive subject matter: whether the valuation of the property and asserts reflect fair market value. 276 N.E.2d 903.

 In 1976 the General Assembly replaced the provisions construed in *Hogg* with those before this court. It is a rubric of the law that in so doing they are presumed to have responded to prior appellate decisions construing the act.

Aside from the simplified language identifying an aggrieved party, the most notable change in the new language was that which makes the 90 day statute apply to "an inheritance tax determination" while the longer one year statute applies only to "an appraisal approved by a probate court."

 We agree with the court in *Hogg* that the language of the 90 day statute encompassing any "determination" is all inclusive and applies to any basis for seeking a redetermination of the tax.

 However, when construed *in pari materia* with the one year provision appearing in the next section, as it must be, it is, we think, clearly the legislative purpose that despite the broad language of IC 6–4.1–7–1, petitions to challenge *an appraisal* of a property interest may be brought within one year. *Estate of Hogg, supra.*

appraisal, and a copy thereof shall be forwarded to the state board of tax commissioners and

 An appraisal is a valuation or estimation of value placed upon an item of property or interest therein. The Indiana Inheritance Tax statute imposes its burden upon "taxable transfers," IC 6–4.1–1–14, which are defined as certain *property interest transfers* made by a decedent. IC 6–4.1–2–1. A separate section, IC 6–4.1–6–1(a) specifies the manner for *appraising* each future, contingent, defeasible or *life interest* in property. This approach is further reflected in the one year statute which specifies that an aggrieved petitioner "may obtain a reappraisal of the *property interest involved.*" (Our emphasis) IC 6–4.1–7–2.

 The taxable property interest before the court was the life interest bequeathed to Robert in the trust. It was the value of that life interest that was subject to appraisal for inheritance taxes.

One further point bears mention. Despite the foregoing the state has argued that certain language in *In re Estate of Hogg,* supra, compels us to construe "appraisal" as being limited to establishing fair market value of the physical assets of the estate. This argument is wholly without merit. In so speaking the court in *Hogg* was dealing with the now repealed statute, IC 6–4–1–12, whose application was to "the valuation of the property and assets of a decedent's estate [in reflecting] fair market value."

The present act in referring simply to an "appraisal" and "reappraisal of the property interest involved" eliminated that language and made the provision clearly consistent with the remainder of the act's concern, the taxation of an interest transferred.

We affirm.

STATON and HOFFMAN, JJ., concur.

a copy thereof filed with the clerk of the court, and with the county treasurer."