INDIANA DEPARTMENT OF STATE REVENUE, INHERITANCE TAX DIVISION, Petitioner-Appellant,

v.

ESTATE OF Luther C. BROYLES, Sr., Deceased, Respondent-Appellee.

No. 1-583A137.

Court of Appeals of Indiana, First District.

Dec. 21, 1983.

Linley E. Pearson, Atty. Gen., William Eric Brodt, Deputy Atty. Gen., Indianapolis, for petitioner-appellant.

Russell M. Webb, Jr., Palmer, Hinkle, Keck & Webb, Danville, for respondent-appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

The Inheritance Tax Division of the Indiana Department of State Revenue (Department) appeals the trial court's Order of Reduction of Interest pursuant to IND. CODE 6–4.1–9–1, which provides for a reduction of penalty interest imposed on the inheritance tax due from 10% to 6% in the case of "unavoidable delay" in the determination of the tax.

We reverse.

## STATEMENT OF THE FACTS

Luther C. Broyles, Sr. died on June 27, 1978. Eighteen and one-half (18½) months after his date of death, January 14, 1980, the estate filed its Schedule of All Property (Indiana Inheritance Tax Return) with the Hendricks County Superior Court. On January 16th, the trial court issued an Order Determining Value of Estate and Amount of Tax (Order), whereupon Department filed a Petition for Rehearing, Reappraisement and Redetermination of Inheritance and Transfer Tax (Petition for Rehearing) pursuant to IND.CODE 6–4.1–7–1 within 90 days, the requisite time period for such petition. September 28, 1981, the estate filed an amended Schedule, and on September 30th, the trial court issued an amended Order. Subsequently, 10 months after the issuance of the amended Order, on August 5, 1982, Estate petitioned for a reduction of penalty interest from 10% to 6% on the inheritance tax. Ten percent interest is imposed on any inheritance tax not paid within 18 months of the decedent's death. IND.CODE 6–4.1–9–1(a). The Estate's petition stated that the first Schedule of All Property was filed late because "the executor was in the process of selling certain real estate comprising a part of the decedent's estate". (Record, pg. 59). The appropriate trial court may lower the penalty interest to 6% if there is an unavoidable delay in the determination of the amount of tax due. IND.CODE 6–4.1–9–1(b). The trial court herein granted the petition on August 6th, stating that the interest rate should be reduced "as the delay in payment was not the fault of the estate or the heirs". The order made no mention as to whether the reduction in interest was to be confined to the period *before* the determination of the tax due. In this appeal, De-

partment contends that the order is void for lack of jurisdiction.

## ISSUE

Did the trial court lack jurisdiction to enter an order reducing interest in this case and therefore such order is contrary to law?

## DISCUSSION AND DECISION

■ As explained briefly above, the inheritance tax imposed as the result of a decedent's death is due 18 months after the date of death: if the tax remains unpaid at that time, then a 10% interest rate is imposed on the delinquent portion of the tax from the date of death until the payment is made. IND.CODE 6–4.1–9–1(a). The interest rate may be reduced, however:

> "(b) If an unavoidable delay, such as necessary litigation, prevents a determination of the amount of inheritance tax due, the appropriate probate court, in the case of a resident decedent, ... may reduce the rate of interest imposed under this section, for the time period beginning on the date of the decedent's death and ending when the cause of delay is removed, to six percent (6%) per year."

IND.CODE 6–4.1–9–1(b).

It is irrefutable that the trial judge has absolute discretion to reduce the interest rate from 10% to 6% if an unavoidable delay prevents a determination of the tax due. IND.CODE 6–4.1–9–1(b). However, the language of the statute also makes it abundantly clear that once a determination of the inheritance tax due is made, then the interest rate to be charged on the delinquent tax amount is 10%. 1962 Op.Ind. Att'y.Gen. No. 17.

In the instant case, the trial court granted the Estate's petition for reduction of interest 10 months after it issued the amended Order determining the value of the estate and the amount of tax due. Further, the order seemingly granted the reduction of interest "across the board"; that

is, it did not stipulate that the post-determination interest rate is 10%.

This flaw is not fatal to the order, though; as Department concedes in its brief, we could simply uphold and modify it by specifying that a 6% interest rate be charged from the date of the decedent's death until the date of the amended Order of determination of tax due and a 10% interest rate charged on any tax unpaid thereafter. However, we find that the fatal flaw is not the overbreadth of the order for interest reduction itself but the fact that the estate did not file the petition until 10 months after the amended determination of tax due.

■ "The determination and collection of Indiana inheritance tax are governed entirely by statute." *In The Matter of The Estate of Maurice Compton,* (1980) Ind. App., 406 N.E.2d 365, 368. The statutory scheme provides four different procedural remedies for challenges to the determination and collection of inheritance taxes, *Id.*: only one, IND.CODE 6–4.1–7–1, the rehearing remedy, is relevant herein.

IND.CODE 6–4.1–7–1 states:

> "A person who is dissatisfied with an inheritance tax determination made by a probate court with respect to a resident decedent's estate may obtain a rehearing on the determination. To obtain the rehearing, a person must file a petition for rehearing with the probate court within ninety (90) days after the determination is made. In the petition, the person must state the grounds for the rehearing. The probate court shall base the rehearing on evidence presented at the original hearing plus any additional evidence which the court elects to hear."

A line of decisions, beginning with *In Re Estate of Charles R. Hogg,* (1971) 150 Ind. App. 650, 276 N.E.2d 898, have delineated the scope of the above provision. Although the statute discussed in *Hogg* was amended in 1976 (it was in fact the analysis in *Hogg* which prompted the change in the statutory language, *Matter of Estate of*

*Waltz,* (1980) Ind.App., 408 N.E.2d 558),[1] the substance of the court's analysis remains applicable to a discussion of the current rehearing provision.

> "The 90-day section uses the words [person who is dissatisfied with an inheritance tax determination]. We construe 'determination' to mean consideration by the court of *any factor* relating to the manner of which the amount of tax is ultimately computed . . ."

*Hogg, supra,* 150 Ind.App. at 658, 276 N.E.2d 898 (emphasis original).

Thus, the statute gives a court free rein to review any factor which makes up the final determination of the inheritance tax due. *Indiana Department of Revenue, Inheritance Tax Division v. Estate of Binhack,* (1981) Ind.App., 426 N.E.2d 714.

We hold that a petition for reduction of interest is within the ambit of the rehearing provision. Penalty interest certainly relates to the ultimate computation of the amount of inheritance tax due. Our decision is supported by the Order and amended Order of determination of tax due themselves: each Order expressly states, at the bottom, "if *NOT* paid within *EIGHTEEN* months from death interest at the rate of 10% per annum shall be charged and collected, unless the delay be due to litigation or other unavoidable cause of delay, when the rate may be reduced to 6% per annum. (Discount and interest computed from date of death.)" Since the 10% interest rate then is part of the Order itself, a petition for reduction of the interest is clearly a challenge to the ultimate computation of the tax due and as such requires compliance with the provisions of IND.CODE 6–4.1–7–1. Furthermore, 45 I.A.C. 4–6–2 requires that in the event the court reduces the interest from 10% to 6%, it must be so written on all copies of the Order determining value of the estate. The Orders in the instant case make no mention of the reduced rate.

Department argues that the trial court lacked subject matter jurisdiction to reduce the interest rate because the estate had not complied with a condition precedent for bringing a cause of action; namely, filing its petition within 90 days after the determination of inheritance tax due. We agree.

As the collection and determination of inheritance taxes are governed entirely by statute, so are the remedies which provide relief, when necessary, from such determinations. *Compton, supra,* at 371. Failure to file within the time limits imposed by the rehearing statute deprives the court of subject matter jurisdiction. *In the Matter of The Estate of Frank T. Hibbeln,* (1973) 157 Ind.App. 422, 300 N.E.2d 384. Since the Estate did not file its petition for reduction of interest within the 90 days of the amended Order determining the inheritance tax due, the trial court did not have jurisdiction of the cause.

Judgment reversed and the trial court is instructed to vacate the order reducing the penalty interest rate to 6%.

ROBERTSON, P.J., and RATLIFF, J., concur.

---

1. The statute in effect at the time *Hogg* was decided, IND.CODE 1953, Sec. 7–2411 (Burns Code Ed.), stated:

   "REHEARING. The state board of tax commissioners or any person dissatisfied with the appraisement or determination of such tax, may apply for a rehearing thereof, before the court, within ninety (90) days from the determination of the tax by the court, as herein provided, on filing a written petition, which shall state grounds for the rehearing. The rehearing shall be determined upon the records, proceedings, and proofs had and taken on the original hearing; Provided, That the court may, if deemed advisable, hear additional evidence."