**Robert H. SIBBITT,**
**Respondent–Appellant,**

**v.**

**INDIANA DEPARTMENT OF REVENUE, Petitioner–Appellee.**

No. 67A01–9005–CV–198.

Court of Appeals of Indiana,
First District.

Nov. 29, 1990.

Rehearing Denied Jan. 17, 1991.

Robert J. Bremer, Bremer & Cook, Greencastle, for respondent-appellant.

Linley E. Pearson, Atty. Gen., Ted J. Holaday, Deputy Atty. Gen., Indianapolis, for petitioner-appellee.

BAKER, Judge.

Robert Sibbitt, executor of Hazel Huffman's estate, appeals the trial court's rescission of its second inheritance tax order. The sole issue presented for our review is whether the estate was bound by the statutory procedures for the determination and collection of inheritance tax. We hold that it was and affirm the trial court.

## FACTS

Hazel Huffman died testate on February 20, 1982. She left property in Indiana, including two farms, which was to be divided principally among fifteen legatees. Sibbitt obtained permission from the court to sell the farms in order to pay the claims against the estate. On February 22, 1983, Sibbitt requested a six-month extension of time to file the inheritance tax return because the realty was not yet sold. The court granted this motion. On February 22, 1983, Sibbitt also filed an estimate of the inheritance tax with the Department of State Revenue and paid this estimated amount. In August of 1983, Sibbitt filed a Schedule of Property and Affidavit for Inheritance Tax Appraisement which listed the value of the realty at $208,000. In September of 1983, the court issued an order determining the value of the estate and the amount of inheritance tax owed by the estate. The court ordered Sibbitt to pay $20,219.55 in inheritance tax, and noted he had already paid estimated inheritance tax of $25,500.[1]

Sibbitt continued to attempt to sell the realty and had great difficulty in so doing. He sold one of the farms in October of 1983, and the second farm was sold in October of 1988. He received $162,750 for the farms, which was considerably less than the value placed upon the realty in the order determining the value of the estate. Seven months after the second farm was sold, Sibbitt received an extension from the court for filing the "final" inheritance tax returns. After these were filed in May of 1989, the court entered a second order determining the value of the estate and the amount of inheritance tax due. The court ordered Sibbitt to pay $12,725 in inheritance tax based upon the lower values of the realty. The court subsequently set aside this order upon the State's motion, and reinstated its initial order determining the inheritance tax to be $20,219.55.

## DISCUSSION AND DECISION

Sibbitt contends the court was not required to set aside its second order because courts have the inherent power to do everything necessary to carry out the administration of justice, and thus had the authority to enter a second inheritance tax order after the sale of the farms. The State argues that the trial court had no jurisdiction to enter the second order because Sibbitt did not comply with the statutory procedures for challenging inheritance tax determinations and collections after the first order was entered.

The inheritance tax statutes are designed to tax the privilege of succeeding to property rights. *Indiana Department of State Revenue v. Smith* (1985), Ind., 473 N.E.2d 611. The tax is on the right of heirs to succeed to that property, not a tax on the property itself. *Id.* "The determination and collection of inheritance taxes and the rights and obligations of both the Department of State Revenue and the taxpayers are governed exclusively by statute." *Matter of Estate of Cook* (1988), Ind.App., 529 N.E.2d 853, 855.[2] It is well settled that the failure to comply with statutory time limits deprives the court of subject matter jurisdiction. *Indiana Department of State Revenue v. Estate of Binhack* (1981), Ind.App., 426 N.E.2d 714. *See also Matter of Estate of Compton* (1980), Ind.App., 406 N.E.2d 365 (noting a failure to comply with the conditions precedent to the assertion of a claim against the Department of State Revenue results in a lack of jurisdiction in the court). Thus, to obtain relief, an aggrieved party must comply with the statutory provisions.

There are four procedural remedies for challenging the determination and collection of Indiana inheritance taxes. *Indiana Department of State Revenue v. Estate of Broyles* (1983), Ind.App., 457 N.E.2d 250.

---

1. Sibbitt actually paid $24,225 and received an early payment discount of $1,275, for a total payment of $25,500.

2. *See also Indiana Department of State Revenue v. Smith* (1985), Ind., 473 N.E.2d 611; *Indiana Department of State Revenue v. Smith* (1984),

Ind.App., 460 N.E.2d 1263; *Indiana Department of State Revenue v. Estate of Rogers* (1984), Ind.App., 459 N.E.2d 69; *Indiana Department of State Revenue v. Estate of Broyles* (1983), Ind.App., 457 N.E.2d 250.

IND.CODE 6–4.1–7–1 allows a person who is dissatisfied with an inheritance tax determination to file a petition for rehearing in the probate court. The petition must be filed within 90 days after the tax determination is made. IND.CODE 6–4.1–7–2 provides that a person who is dissatisfied with an appraisal may file a petition for reappraisal in the probate court within one year after the court's order determining the amount of inheritance tax due. This time period is extended to two years if the original appraisal was fraudulently or erroneously made. IND.CODE 6–4.1–7–6 permits the State to seek a redetermination of inheritance tax by filing a petition in the probate court within 30 days of the filing of the final determination of the federal estate tax. Finally, IND.CODE 6–4.1–10–1 allows a person to file a claim for a refund of inheritance tax which has been erroneously or illegally collected. The claim must be filed with the Department of State Revenue within three years after the tax is paid or within one year after the tax is finally determined, whichever is later.

 Sibbitt did not take advantage of any of these procedures. He only attempted to file a new Affidavit for Inheritance Tax Appraisement after the sale of the second farm, six years after the first inheritance tax order had been issued. Because Sibbitt did not follow the appropriate procedures and observe the statutory time limitations, the court did not have jurisdiction to enter a second order determining a new amount of inheritance tax. *See Binhack, supra.* The trial court correctly set aside this second order. Sibbitt argues the first inheritance tax return was only a preliminary return and the court did not err in allowing him to supplement this preliminary return to include lower property values. The statutory scheme, however, does not provide for the filing of a preliminary return and a final return at some later date anytime in the future. The public policy of Indiana is to encourage the closing of estates at the earliest possible time. *In re Estate of Hogg* (1971), 150 Ind.App. 650, 276 N.E.2d 898. Allowing a person to file numerous inheritance tax returns and receive numerous orders on the amount of inheritance tax due would not further this policy.

 We note the inheritance tax statutory scheme does not contemplate changing the values of property throughout time. IND.CODE 6–4.1–5–1.5 says for purposes of determining the fair market value of a property interest transferred by a decedent, the appraisal date is the date used to value the property interest for federal estate tax purposes. If no federal estate tax return is filed, as appears to be the case here, the appraisal date is the date of the decedent's death. Thus, the value of the property is determined as of the date of Huffman's death. The focus is not on what prices the sales of the property brought in 1983 and 1988. The only concern is what the value was on February 20, 1982, the date of Huffman's death.

There were procedures Sibbitt could have used to avoid the result in this case. He received one extension for filing the inheritance tax return pursuant to IND.CODE 6–4.1–4–2. This section allows the court to grant a subsequent extension upon the party's written motion, and does not contain limitations on the length of the extensions. Sibbitt could have requested another extension if that was necessary to determine the value of the realty as of the date of Huffman's death. When the realty value was determined, he could have filed the return and requested a refund of any overestimated tax he had already paid. *See* IND.CODE 6–4.1–10–1.

In a parenthetical within a footnote, Sibbitt contends "payment" requires both a tender and an acceptance of monies. Because IND.CODE 6–4.1–10–1 allows a person three years within which to claim a refund, and the Indiana Department of State Revenue did not countersign the receipt until March 4, 1987, Sibbitt contends he had until March 4, 1990 to apply for a refund for the overpaid estimated tax. Assuming arguendo Sibbitt is correct in his contention that the return receipt must be signed before the money is "paid," we see nothing in the record to indicate Sibbitt filed a claim for a refund of inheritance tax

with the Department of State Revenue within the appropriate period of time, and Sibbitt has not directed us to this refund claim.

Because Sibbitt did not comply with the statutory procedures and time limits developed by our legislature, the court was without jurisdiction to enter a new order on the amount of inheritance tax due. The trial court correctly set aside its order attempting to do so.

Judgment affirmed.

RATLIFF, C.J., and ROBERTSON, J., concur.